Edward J. Greenfield, J.
This is an application by petitioner for a judgment vacating or modifying an award rendered in an arbitration proceeding involving a claim for insurance benefits under the no-fault provisions of the Insurance Law. (Insurance Law, § 675.)
The dispute is over the inclusion in the award of $1,000 for attorney’s fees on a claim for $265, which fees are alleged to be unreasonably excessive.
The notice of motion recites that petitioner is seeking to *799 vacate or modify the award in accordance with CPLR 7511. Evidently recognizing the limited grounds for setting aside an award under that section, the petition also invokes "the broader scope of Judicial Review in order to satisfy the basic element of due process.”
The aspect of the arbitration award with which petitioner takes issue is the amount awarded for attorney’s fees. Ordinarily, the alleged "unreasonableness” of the arbitrator’s findings is not a basis for vacating or modifying an award. Under CPLR 7511 the four specified grounds for vacating the award, are: (a) corruption, fraud or misconduct; (b) partiality of arbitrator; (c) arbitrator exceeding his power or imperfectly executing the award; and (d) failure to comply with CPLR article 75. The three grounds upon which modification is permitted are (a) miscalculation or misdescription; (b) arbitrators acting on matters not submitted; and (c) an award imperfect in form.
There is no claim here of partiality, bias or corruption. There is no claim of mistake. The claim is that the attorney’s fees allowed which constitute part of the award are so outrageously excessive as to warrant judicial intervention. Petitioner urges that the limited grounds for vacating or modifying an award set forth in CPLR 7511 "are in no fashion or manner binding on this Court”, since this was not a consensual arbitration, but one mandated by statute. With that contention this court cannot agree.
The case of Mount St. Mary’s Hosp. v Catherwood (26 NY2d 493) dealing with the compulsory arbitration mandated for labor disputes at hospitals, does not authorize vacating an award in compulsory arbitration on grounds other than those set forth in CPLR 7511. In that case it had been claimed that compulsory arbitration, with review limited to the grounds set forth in CPLR Article 75, unconstitutionally narrowed due process rights by limiting the scope of judicial review and permitting the resolution of such disputes possibly without substantial evidence or in a manner contrary to law. Breitel, J., in his opinion, by construing CPLR 7511 to permit judicial review of an award to determine whether the arbitrator had "exceeded his power” by basing his findings on matters not supported by evidence or other basis in reason, equated an arbitrator’s powers in compulsory arbitration with the "substantial evidence” test. With this interpretation Chief Judge Fuld and two other Judges of the Court of Appeals disagreed. *800 In any event, even the application of a substantial evidence rule to the compulsory arbitration called for under the no-fault law (Insurance Law, § 675), would not warrant judicial interference with the exercise of an arbitrator’s discretion as to the fixing of the amount of a fee.
I cannot agree at all with the holding of my colleague, Mr. Justice Helman, who in Matter of Country-Wide Ins. Co. [Barrios] (NYLJ, Feb. 11, 1976, p 6, col 4) vacated a no-fault award which granted allegedly excessive attorney’s fees, declaring that the court could set aside those determinations which "are shocking to one’s sense of fairness.” The Pell case, cited therein (Matter of Pell v Board of Educ., 34 NY2d 222) which approved of a standard of judicial review for both substantial evidence and abuse of discretion, was not an application to vacate an arbitrator’s award under CPLR article 75, but a review of an administrative determination under article 78. The standards applicable to each type of review are not the same, and the reviewing court may not fudge the distinction by obliterating the clear differences and equating the two. Under an article 78 review a court may consider whether the determination was procedurally deficient, whether it was affected by an error of law, or whether it was arbitrary, capricious or an abuse of discretion. Although the St. Mary’s Hospital case (supra) read the "substantial evidence” rule of CPLR 7803 (subd 4) into the "exceeding of powers” by the arbitrator in compulsory arbitration cases under CPLR 7511 (subd [b], par 1, cl [iii]), there is no basis for also importing into an article 75 review the questions posed under CPLR 7803 (subd 3).
If an arbitration award may be reviewed for errors of law or procedure, or to determine whether there was "an abuse of discretion”, then the courts will be required to pass on the record of innumerable arbitration awards on the merits, and the parties would be put to the task of second tier litigation. The entire point and purpose of the arbitration proceeding is simplicity and certainty. There is one, and only one proceeding. Rules of law, both substantive and evidentiary, need not apply. The parties forego the right of appeal and review on the merits. Occasional injustices may occur, but swiftness and finality are desiderata which are deemed to outweight procedural niceties and legal correctness.
Vacating an award because it is excessive under the circum *801 stances, because it is "unreasonable”, an "abuse of discretion”, or "shocking to one’s sense of fairness”, imports into article 75 proceedings a degree of substantive review which it was the purpose of the statutory scheme to preclude. If a no-fault arbitration is deemed compulsory, the substantial evidence rule may be applicable (Mount St. Mary’s Hosp. v Catherwood, supra), but it has been suggested such an arbitration is consensual, as it is the contract that creates the right to arbitrate. (Insurance Law, § 675, subd 2; Musolino v American Consumer Ins. Co., NYLJ, May 6, 1975, p 19, col 5, 51 AD2d 1036.) In reviewing that case, dealing with a claimed erroneous finding by an arbitrator under the no-fault law, the Appellate Division, Second Department, noted that the acknowledged purpose of the statute — promptness, and the elimination of recourse to the courts to free them for other business — precluded judicial review on such grounds. Further, it might be argued that the no-fault law, in creating new rights and restricting others, could impose conditions restricting judicial review of such newly created rights.
Nor is an award thought by a court to be unreasonable ipso facto violative of public policy. Matter of Exercycle Corp. [Maratta] (9 NY2d 329) does not call for setting aside a "grossly unreasonable” award on such grounds. So long as the enforcement of the award does not run afoul of some countervailing law or declared policy, as in Matter of Kramer & Uchitelle (288 NY 467) and is not "completely irrational” (Lentine v Fundaro 29 NY2d 382, 385), the arbitrator’s decision must prevail. Provided that the arbitrator does not create a wholly new contract for the parties, the fact that he might construe it differently from a court does not empower the court to set aside the award. (Matter of Nat. Cash Register Co. [Wilson], 8 NY2d 377, 383.)
While an award of $1,000 for counsel fees on a simple claim by a passenger for $265 might well appear to one not familiar with the proceedings to be totally disproportionate, on the basis of the record before the arbitrator, which included an itemization of the legal services rendered, substantial evidence was presented on which he could premise his finding. Such claims are not handled on a contingent fee basis. It may well be that in prosecuting a small but meritorious claim (respondent contends the total claim was $735), the actual value of legal services rendered, on a simple time basis may exceed the claim itself. An arbitrator may properly determine, without *802 "exceeding his powers”, that a reasonable fee could be greater than the claim.
Accordingly, petitioner’s motions to vacate or modify the award is denied in all respects.