No. 79–485. ELI LILLY & Co. *v.* COSTLE, ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY. C. A. 1st Cir. Certiorari denied.

MR. JUSTICE REHNQUIST, with whom MR. JUSTICE POWELL joins, dissenting.

This case presents an issue of great importance, which cannot help but become greater as time goes on and more and more administrative proceedings are conducted either directly under the Administrative Procedure Act, 5 U. S. C. § 553, or similar provisions in new Acts of Congress for review of agency action. That question is the degree to which an agency, which publishes a rule for notice and comment under

§ 4 of the Administrative Procedure Act and very substantially changes the rule in response to the comments it receives, is obliged to publish the revised rule to allow another opportunity for notice and comment. In deciding this case, the Court of Appeals for the First Circuit was fully aware of the problems that could result from a complete "about face" by the administrative agency, see *BASF Wyandotte Corp.* v. *Costle,* 598 F. 2d 637 (1979), as can be seen from this portion of the first paragraph of its opinion concluding that the respondent *had* complied with the Administrative Procedure Act:

> "Petitioners' first complaint is that EPA failed to comply with the requirements of the Administrative Procedure Act in that the final regulations were so different from the interim final regulations that the interims were not notice of 'either the terms or substance of the proposed rule or a description of the subjects and issues involved.' 5 U. S. C. § 553 (b)(3). This requirement is a *critical* one because it supports the assumption we make with regard to EPA's substantive decisions that those decisions are in fact the product of informed, expert reasoning tested by exposure to diverse public comment." *Id.,* at 641 (emphasis supplied).

Petitioner claims that the differences between the effluent limitations imposed in the original regulations and the ones finally promulgated were so great as to make impossible any such judgment by a reviewing court in the absence of further opportunity for notice and comment on the revised regulations. The Court of Appeals' conclusion to the contrary is a carefully reasoned one, and I am not at this point willing to say that I disagree with it. But when we consider the very significant effects that a "rulemaking" procedure may have upon the parties involved, see *United States* v. *Florida East Coast R. Co.,* 410 U. S. 224, 244–245 (1973), I think this Court should grant certiorari to examine the question. It is the sort of question upon which there will never be a

"square conflict" among the various Courts of Appeals, since the differences between the originally promulgated regulations and the finally promulgated regulations will necessarily be ones of degree. Thus, one need not accept at full face value the contention of petitioner that the Court of Appeals' decision squarely conflicts with decisions from the Courts of Appeals for the Second, Fourth, and District of Columbia Circuits in order to realize that the question is a recurring one that will ultimately require interpretation of important statutory language by this Court. Accordingly, I would grant the petition limited to the question whether § 4 of the Administrative Procedure Act, 5 U. S. C. § 553, required EPA to provide an additional opportunity to comment on the final regulations proposed here.