760 F.2d 454
 53 USLW 2568, 24 Ed. Law Rep. 726
 Jeremy Scott ADLER, by his Parents and next Friends, Joel A.
ADLER and Jane R. Adler, Plaintiff-Appellant,
v.
The EDUCATION DEPARTMENT OF the STATE OF NEW YORK, and
Gordon M. Ambach, Individually and as Commissioner
of Education of the State of New York,
The Board of Education of the City School District of New
York, the Subcommittee of the Committee on the Handicapped
of the Board of Education of the City of New York, School
District 2 and Michael Mendelson, Individually and as
Chairperson, Committee on the Handicapped, School District
2, Defendants- Appellees.
 No. 766, Docket 84-7902.
 United States Court of Appeals,
Second Circuit.
 Submitted Feb. 27, 1985.
Decided April 25, 1985.
 
 Jerry L. Siegel, Coudert Brothers, New York City, for plaintiff-appellant.
 Edward F.X. Hart (Frederick A.O. Schwarz, Jr., Corp. Counsel for the City of New York, Larry A. Sonnenshein, of counsel), for the Municipal defendants-appellees.
 Robert D. Stone, Albany, N.Y. (Victor M. DeBonis, Albany, N.Y., of counsel), for the State defendants-appellees.
 Before KAUFMAN, OAKES and MESKILL, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 This appeal is yet another in a long line of cases involving what state statute of limitations should be employed in an action pursuant to a federal enactment without its own statute of limitations.[1] The United States District Court for the Southern District of New York, Lee P. Gagliardi, Judge, held that this action pursuant to the Education of All Handicapped Children Act, 20 U.S.C. Sec. 1415(e)(2) (1982) ("EAHCA"), was barred because it was not brought within the four-month statute of limitations set forth in N.Y.Civ.Prac.Law Sec. 217 (McKinney 1972) ("CPLR"), as opposed to the three-year statute applicable to "an action to recover upon a liability ... created or imposed by statute" as provided for by CPLR Sec. 214(2). We affirm.
 
 
 2
 Jeremy Adler, the appellant, is a handicapped nine-year-old child suffering from certain speech and motor disabilities. Appellees Board of Education of the City School District of New York; Subcommittee of the Committee on the Handicapped, School District 2; and Michael Mendelson, Chairperson of the Committee on the Handicapped, School District 2 (collectively "COH"), recommended a school placement for Jeremy that his parents believed inappropriate. His parents pursued their administrative remedies by appealing the recommendation to appellees Education Department of the State of New York and Gordon M. Ambach, the New York State Commissioner of Education (collectively the "Commissioner"). That appeal was taken pursuant to N.Y.Educ.Law Secs. 4403, 4404 (McKinney 1981), the statute adopted by New York in response to the EAHCA, and according to the procedural requirements of the EAHCA set forth in 20 U.S.C. Sec. 1415.
 
 
 3
 The Commissioner ruled in favor of the parents, finding the placement proposed by COH to be inappropriate, but declined to order reimbursement for tuition paid by the parents to a private school that had provided an appropriate placement for the child for the period during which the parents were pursuing their administrative remedies. The Commissioner's decision was rendered in January 1982, some ten months after the request of the parents for an appropriate school placement.
 
 
 4
 Under 20 U.S.C. Sec. 1415(e)(2), a parent aggrieved by a determination of a state educational agency--in this case the Commissioner--may commence an action either in state court or in federal district court.[2] The Adlers took the latter course in April 1983, some fifteen months after the Commissioner's decision, seeking the reimbursement for tuition that the Commissioner had not allowed. The district court held that the applicable time limitation--borrowing that for the most closely analogous cause of action under state law--was the four months used in Article 78 proceedings, see CPLR Secs. 7801-7806 (McKinney 1981 & Supp.1984), and provided for by CPLR Sec. 217. The court reasoned that N.Y.Educ.Law Sec. 4404(3) offers a modified Article 78 action to review administrative decisions involving handicapped children by granting the reviewing court discretion to remand the proceedings for further consideration upon a finding that there was "any relevant and material evidence ... then available which was not previously considered by the commissioner."[3] The court found, as it had to find, that the "substantial evidence" standard of review in Article 78 proceedings, see CPLR Sec. 7803(4), does differ from the "preponderance standard" required by section 1415(e)(2) of the EAHCA, but held that this difference should not be dispositive since as a matter of policy four months should be ample to prepare additional evidence and to assess the validity of the Commissioner's decision even while encouraging the parties to move with reasonable promptness. Moreover, the district court said that in Board of Education v. Rowley, 458 U.S. 176, 204-07, 102 S.Ct. 3034, 3049-51, 73 L.Ed.2d 690 (1982), the Supreme Court implicitly rejected the broad proposition that the EAHCA "requires courts to exercise de novo review over state educational decisions and policies," id. at 205, 102 S.Ct. at 3050, and thus the court found that issues subject to review under section 1415(e)(2) "can be fully and fairly addressed" through an Article 78 proceeding. Accordingly, the district court found that the Article 78 appeal as prescribed in section 4404(3) was essentially analogous to the procedures set forth in 20 U.S.C. Sec. 1415(e)(2). The court therefore adopted the four-month statute of limitations applicable to Article 78 proceedings. This appeal followed.
 
 
 5
 For purposes of this decision we assume, without reaching the question, that an action lies for reimbursement in the circumstances here, having left the question open in Zvi D. v. Ambach, 694 F.2d 904, 908 n. 8 (2d Cir.1982). With that assumption, we agree with the district court's decision on the basis of logic, as a matter of symmetry, and in view of the overall purposes of the EAHCA.
 
 
 6
 As a matter of logic, this action under section 1415(e)(2)--like an action under section 4404(3)--is essentially an appeal from administrative proceedings previously held first by the COH and followed by an intermediate appeal to the Commissioner. Appellant argues that section 1415(e)(2) and section 4404(3) differ in three important ways: the evidence before the reviewing court, the standard of review, and the type of relief afforded the reviewing court. Agreeing with the differences we nevertheless hold that for limitations purposes the state action and the federal action are analogous, keeping in mind that the Supreme Court has recently recognized that an analogous state action for limitations purposes need not mirror the federal action. See Wilson v. Garcia, --- U.S. ----, ----, 105 S.Ct. 1938, 1945, 85 L.Ed.2d 254 (1985).
 
 
 7
 Appellant refers us to several decisions holding that a section 1415(e)(2) action differs from a state law action to review an administrative decision. In Tokarcik v. Forest Hills School District, 665 F.2d 443, 450 (3d Cir.1981), cert. denied, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982), the court held that, because a section 1415(e)(2) court "may hear evidence not contained in the administrative record and must reach an independent decision based on a preponderance of the evidence, ... the state limitations statute controlling administrative appeals to state courts ... is neither an analogous nor appropriate reference point." And in Monahan v. Nebraska, 491 F.Supp. 1074, 1084 (D.Neb.1980), aff'd in part, vacated in part on other grounds and remanded, 645 F.2d 592 (8th Cir.1981), the court came to a similar conclusion, stating that a suit under section 1415(e)(2) is "practically indistinguishable from the normal civil action in which all the issues of the case are tried de novo." See also Flavin v. Connecticut State Board of Education, 553 F.Supp. 827, 831 (D.Conn.1982). By extension, again relying upon Tokarcik, 665 F.2d at 451-52, appellant argues that a limited time period functions to restrict the range of evidence and issues that reviewing courts can consider, because the time needs of parties investigating and preparing for a de novo action are different from those preparing for a simple administrative appeal. It is similarly argued that the EAHCA's goal of preventing inappropriate educational placements would not be furthered if parents were given only a short time in which to evaluate and appeal decisions by state authorities.
 
 
 8
 The fact is, however, that in all three of the cases relied upon by appellant, Tokarcik, Flavin, and Monahan, the reviewing court's inquiry under state law was confined to the administrative record, which is not the case under section 4404(3). A section 4404(3) court may remand to the Commissioner for the consideration of newly available evidence. Cf. Department of Education v. Carl D., 695 F.2d 1154, 1157 (9th Cir.1983) (borrowing Hawaii Administrative Procedure Act statute of limitations for EAHCA actions "since it provides for the introduction of additional evidence in a particular case"). While the ability to open the record under section 4404(3) is different from the open record under section 1415(e)(2), it is not so different. Beyond that, an action under section 4404(3) is governed by a four-month limitation period, while the state statutes rejected in Tokarcik, Flavin, and Monahan provide limitation periods ranging only from thirty to forty-five days. Appellant's concern that an aggrieved party would be unable to prepare his case within four months seems inappropriate in a case where--by the time state level review is completed and the Commissioner renders his decision--the party has already participated in hearings on two levels. Four additional months seems ample time for the necessary preparation and institution of suit. Thus those cases and the state procedures that they involved can easily be distinguished from the statute and case we have before us.
 
 
 9
 We also reject appellants' argument that the standard of review under section 4404(3) is sufficiently different from that under section 1415(e)(2) as to require adoption of a different limitations period. Under section 4404(3), the question presented would be whether the Commissioner's decision was arbitrary and capricious, affected by an error of law, made in violation of lawful procedure, or not supported by substantial evidence on the record. See CPLR Sec. 7803. And while the Rowley Court confirmed that section 1415(e)(2) generally requires independent, preponderance of the evidence review, 458 U.S. at 205, so that we cannot agree with the district court that the limitations on the scope of section 1415(e)(2) established by the Supreme Court in Rowley make the standard of review under section 1415(e)(2) virtually congruent with that under section 4404(3), the difference is not such as to require a different statute of limitations. In Rowley, the Court stated:
 
 
 10
 [A] court's inquiry in suits brought under Sec. 1415(e)(2) is twofold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more.
 
 
 11
 458 U.S. at 206-07, 102 S.Ct. at 3050-51 (footnotes omitted). The Court then tempered the preponderance of the evidence standard under the second question by holding that courts reviewing the actions of state authorities under section 1415(e)(2) must not "substitute their own notions of sound educational policy for those of the school authorities which they review." Id. at 206, 102 S.Ct. at 3050-51. Thus, the standard for reviewing the EAHCA's substantive requirements left in the wake of Rowley tends to resemble the standard of review under Article 78.
 
 
 12
 In addition, we cannot say that the standard of review for procedural irregularities under section 4404(3) and Article 78 differs from that mandated by section 1415(e)(2). We read the EAHCA as requiring no respect or deference to the findings by state authorities with respect to procedural violations. At the same time, we believe the New York courts would hold that Article 78 also requires strict review for procedural violations. The New York courts distinguish between procedural questions and substantive questions, with the latter warranting review under the abuse of discretion, arbitrary and capricious, and substantial evidence standards. See, e.g., Pell v. Board of Education, 34 N.Y.2d 222, 230-31, 356 N.Y.S.2d 833, 839, 313 N.E.2d 321, 325 (1974); Country-Wide Insurance Co. v. DiBona, 88 Misc.2d 798, 800, 388 N.Y.S.2d 990, 991 (Sup.Ct.1976). Article 78 review closely resembles review under the federal Administrative Procedure Act, 5 U.S.C. Sec. 706 (1982), which similarly distinguishes between procedural questions and substantive questions. The Supreme Court and numerous courts of appeals have stated that the APA requires "the court [to] determine whether the agency complied with the procedures mandated by the relevant statutes." Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 549 n. 21, 98 S.Ct. 1197, 1214 n. 21, 55 L.Ed.2d 460 (1978); accord Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 417, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971); Mobil Oil Corp. v. Department of Energy, 728 F.2d 1477, 1486 (Temp.Emer.Ct.App.1983), cert. denied, --- U.S. ----, 104 S.Ct. 3545, 82 L.Ed.2d 849 (1984); BASF Wyandotte Corp. v. Costle, 598 F.2d 637, 641 (1st Cir.1979), cert. denied, 444 U.S. 1096, 100 S.Ct. 1063, 62 L.Ed.2d 784 (1980); Weyerhaeuser Co. v. Costle, 590 F.2d 1011, 1027-28 (D.C.Cir.1978); I-291 Why? Association v. Burns, 372 F.Supp. 223, 240 (D.Conn.1974), aff'd, 517 F.2d 1077 (2d Cir.1975).
 
 
 13
 Nor are the types of relief afforded by Article 78 and section 1415(e)(2) substantially different. Damages or tuition reimbursement, if available at all under section 1415(e)(2),[4] are incidental to the main form of relief--an order directing that a student receive the appropriate public education or that such student and his or her parents be accorded certain procedural safeguards. Such relief is also available under Article 78. See CPLR Sec. 7806.
 
 
 14
 We are reminded by Cardozo that "[t]he goal of judicial effort ... is not logical synthesis, but compromise." Cardozo, The Paradoxes of Legal Science, in Selected Writings of Benjamin Nathan Cardozo 254 (M. Hall ed. 1947). He reminds us also that uniformity and symmetry are means, not ends, of legal analysis. Id. at 256. Nevertheless, where a federal statute provides that suit may be brought in both federal and state court, there is something to be said for having the same statute of limitations applicable in both, at least to avoid forum shopping by prospective plaintiffs. The New York state courts have, for example, recognized this need for symmetry in connection with actions brought under the federal civil rights acts, and specifically 42 U.S.C. Sec. 1983. See Fields v. Board of Higher Education, 94 A.D.2d 202, 207, 463 N.Y.S.2d 785, 788 (1983) (applying three-year statute as applied by federal courts), aff'd, 63 N.Y.2d 817, 482 N.Y.S.2d 267, 472 N.E.2d 43 (1984). That similar uniformity should be available in this context seems wise if not wholly compelling.
 
 
 15
 But even if the case seems otherwise close, the policy considerations underlying the EAHCA warrant the application of the shorter, Article 78 four-month statute of limitations. See Carl D., 695 F.2d at 1157. Congress enacted the EAHCA "primarily to make public education available to handicapped children." Rowley, 458 U.S. at 192, 102 S.Ct. at 3043. To this end the local educational agency must review and when appropriate revise each child's individualized educational program ("IEP") at least annually. See 20 U.S.C. Sec. 1414(a)(5); N.Y.Educ.Law Sec. 4402(1)(b)(2). The annual recommendation of the COH contained in each IEP is subject to the due process procedures prescribed by both state, N.Y.Educ.Law Sec. 4404, and federal, 20 U.S.C. Sec. 1415, statutes. Were a three-year statute of limitations to apply, a child incorrectly classified or placed could stay in an inappropriate program for up to three years after a final administrative determination before a federal action to review that determination need be commenced. Both the federal statute, 20 U.S.C. Sec. 1415(e)(3), and the state statute, N.Y.Educ.Law Sec. 4404(4), provide that during the pendency of any proceedings appealing the Commissioner's ruling the child shall remain in the "then current educational placement of such child, or, if applying for initial admission to a public school, shall ... be placed in the public school program until all such proceedings have been completed," barring agreement by the parties to other placement. This "status quo" provision hardly contemplates a period of three years plus pendency of the proceedings. After all, it is a child's education we are talking about.
 
 
 16
 While in this case the only issue pending is one of dollars-and-cents reimbursement to the parents, our ruling of course would affect all section 1415(e)(2) actions. A three-year period would include at least three annual reviews and one triennial reevaluation under N.Y.Educ.Law Sec. 4402(1)(b)(3)(d), so that the annual determination to be reviewed would be a hoary one indeed. The four-month statute applicable to proceedings under Article 78 and adopted by the court below, in part relying on then District Judge Pratt's determination in Williams v. Garden City Public Schools, No. CV 81-1750 (E.D.N.Y. Sept. 18, 1981), would result in annual review being reviewed before so much of the school year is past as to make the issues academic. Indeed, as Judge Rosenn pointed out dissenting in Tokarcik, 665 F.2d at 465, the federal regulations governing the timing of state administrative proceedings--which require that the final decision be reached within forty-five days after a request for a formal due process hearing is received and that review of the hearing be completed not later than thirty days after receipt of the request for such review, 34 C.F.R. Sec. 300.512 (1984)--seem inconsistent with a lengthy statute of limitations, such as the one sought by appellant here. These policy considerations are only reinforced by Congress's concerns with promptness expressed in the EAHCA's legislative history:
 
 
 17
 I cannot emphasize enough that delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development. The interruption or lack of the required special education and related services can result in a substantial setback to the child's development. Thus, in view of the urgent need for prompt resolution of questions involving the education of handicapped children it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with fair consideration of the issues involved.
 
 
 18
 121 Cong.Rec. 37,416 (1975) (remarks of Sen. Williams).
 
 
 19
 Judgment affirmed.
 
 
 
 [1]
 The Supreme Court has made clear that the statute of limitations for a federal right of action without its own statute of limitations should be that statute of limitations governing an analogous state right of action. See, e.g., Wilson v. Garcia, --- U.S. ----, ----, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). But cf. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 171-72, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983) (holding that in the absence of a closely analogous state statute of limitations, a federal court may apply an analogous federal statute of limitations)
 
 
 [2]
 Section 1415(e)(2) provides in pertinent part that an aggrieved party
 shall have the right to bring a civil action ... which ... may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.
 
 
 [3]
 Section 4404(3) provides:
 Review of commissioner's determination regarding handicapped children. Notwithstanding the provisions of section three hundred ten of this chapter to the contrary, any final determination or order of the commissioner denying or limiting any special service or program to any child under this article may only be reviewed in a proceeding brought in the supreme court pursuant to article seventy-eight of the civil practice law and rules. In any proceeding under article seventy-eight the court may grant any relief authorized by the provisions of section seventy-eight hundred six of such law and rules and also may, in its discretion remand the proceedings to the commissioner for his further consideration upon a finding that any relevant and material evidence is then available which was not previously considered by the commissioner.
 
 
 [4]
 While we do not address whether an aggrieved party has a right to reimbursement under Sec. 1415(e)(2), we do note that most of the courts of appeals that have addressed the question have held for various reasons that Sec. 1415(e)(2) does not afford a right to such relief, see Mountain View-Los Altos Union High School Dist. v. Sharron B.H., 709 F.2d 28, 30 (9th Cir.1983); Powell v. Defore, 699 F.2d 1078, 1081 (11th Cir.1983); Stacey G. v. Pasadena Indep. School Dist., 695 F.2d 949, 953-54 (5th Cir.1983); Miener v. Missouri, 673 F.2d 969, 979-80 (8th Cir.), cert. denied, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); Anderson v. Thompson, 658 F.2d 1205, 1209-14 (7th Cir.1981); Stemple v. Board of Educ., 623 F.2d 893, 896-98 (4th Cir.1980), cert. denied, 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981), although one court of appeals has recognized a right to reimbursement for prevailing parties, see Doe v. Brookline School Comm., 722 F.2d 910, 920-21 (1st Cir.1983). The Supreme Court has agreed to resolve this conflict. See Town of Burlington v. Department of Educ., 736 F.2d 773 (1st Cir.), cert. granted, --- U.S. ----, 105 S.Ct. 562, 83 L.Ed.2d 504 (1984)