**William R. JANZEN and wife, Nancy Janzen, and Charles David Janzen, Plaintiffs-Appellants,**

v.

**KNOX COUNTY BOARD OF EDUCATION; Knox County, Tennessee; State Board of Education; and State of Tennessee, Defendants-Appellees.**

No. 85–5649.

United States Court of Appeals, Sixth Circuit.

Argued April 8, 1986.

Decided May 8, 1986.

Donald K. Vowell argued, Knoxville, Tenn., for plaintiffs-appellants.

Dale C. Workman, Robert H. Watson, Jr., Knoxville, Tenn., Stephanie R. Reeves argued, Asst. Atty. Gen., Nashville, Tenn., Michael W. Catalano, for defendants-appellees.

Before KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

We are here called upon to determine which Tennessee statute of limitations applies to this action brought by Charles Janzen and his parents William and Nancy Janzen under the Education of All Handicapped Children Act, 20 U.S.C. §§ 1401–1461. The Janzens seek to be reimbursed by the Knox County Board of Education, Knox County, the Tennessee State Board of Education, and the State of Tennessee for the cost of the special private education emotionally-disturbed Charles required.

The district court held that a three-year statute of limitations, Tenn.Code Ann. § 28–3–105(3), applied and that the Janzens' action was barred by this statute. The court held that the statute of limitations began to run in May, 1981, when the Janzens became aware of their cause of action for reimbursement and had begun procedures to seek reimbursement. Thus, the action filed in February, 1985, was untimely. The Janzens argue on appeal that the catchall ten-year statute of limitations, Tenn.Code Ann. § 28–3–110(3), applies.

In late 1977, the Knox County school system knew that Charles Janzen, one of their students, was emotionally disturbed and in need of special educational support services. In the spring of 1978, Charles was suspended from school. The school report, signed by Mrs. Janzen, directed that Charles would be transferred to an Intervention Unit within the public school system. He would not be allowed to attend regular classes. In the fall of 1978, the Janzens enrolled Charles in a private school. Charles was admitted to Peninsula Psychiatric Hospital for "neurological dysfunction secondary to multiple drug ingestion" in September of 1979. The psychologist treating Charles there recommended that he be sent for long-term residential care at the Brown Schools in Texas. This was done and Charles received his graduate equivalency diploma on April 11, 1981. He left the school in late May.

The Janzens filed this suit on February 14, 1985, seeking reimbursement for Charles' education costs for the years 1978 through 1981. They have alleged repeated acts of bad faith on the part of the defendants in refusing to reimburse them and in not advising them of their rights under the Act in the early stages of Charles' treatment.

The Education of All Handicapped Children Act requires that participating local governments such as Tennessee and Knox County provide "free appropriate public ed-

ucation" for handicapped children in the school system. 20 U.S.C. § 1415(a). "Free appropriate public education" includes specially designed instruction to meet the needs of the child, such as classroom instruction, instruction in physical education, home instruction and instruction in hospitals and institutions. 20 U.S.C. § 1401(16) & (18). Support services including psychological services which may be required to assist the child in his education must also be provided. 20 U.S.C. § 1401(17) & (18). The instruction and support services are to be provided at public expense, should meet state educational standards and should approximate grade levels provided in the state's regular education program. They should comport with the child's individualized education program which must be developed by local education officials, parents and teachers as a written statement containing the level of educational performance of the child and the goals and the services to be provided. 20 U.S.C. § 1401(18); *Hendrick Hudson Central School Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 181–82, 102 S.Ct. 3034, 3037–38, 73 L.Ed.2d 690 (1982).

Parents may request a due process hearing if they disagree with the program. The hearing findings may be appealed to federal district court, which then conducts a de novo review. 20 U.S.C. § 1415; *Rowley*, 458 U.S. at 205–07, 102 S.Ct. at 3050–51; *Roncker on behalf of Roncker v. Walter*, 700 F.2d 1058, 1062 (6th Cir.), *cert. denied sub nom. Cincinnati City School Dist. Bd. of Educ. v. Roncker*, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 171 (1983). Reimbursement will be made for private placement if the initial decision to place the child in a private school is made solely by the parents. The district court must first, of course, determine that the private placement was proper. *Burlington School Comm. v. Mass. Dept. of Educ.*, — U.S. —, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). The Janzens did not seek such a hearing prior to filing this action because they believed such action would be futile. The school board had already made clear its

position that it would not reimburse the Janzens.

■ The various agencies moved for dismissal or in the alternative for summary judgment on several grounds, one of which was the Tennessee statute of limitations. Because the Act contains no specific statute of limitations, the most appropriate Tennessee statute of limitations must be determined by the Court. *See Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). Generally, courts determine which state cause of action is most analogous to the federal cause of action. The state limitations period for that cause of action can be adopted if it is consistent with the policy of the federal cause of action. *Wilson*, 105 S.Ct. at 1942; *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 367–68, 97 S.Ct. 2447, 2454–56, 53 L.Ed.2d 402 (1977); *Scokin v. State of Texas*, 723 F.2d 432, 436 (5th Cir. 1984).

In *Wilson*, a 42 U.S.C. § 1983 action, the Supreme Court provided a framework to use when deciding which state statute of limitations should apply to a federal cause of action that has no express limitations period. The Court directed that first it must be determined whether one limitations period should apply to all actions under the federal Act or whether the limitations period should vary depending on the facts of the case. *Wilson*, 105 S.Ct. at 1944–47. Then the most appropriate statute of limitations must be determined for the federal cause of action by analyzing which state action is most analogous to the federal claim and whether the state statute of limitations governing the state action is consistent with the policies and goals of the federal Act. *Id.* at 1949.

In *Wilson*, the Court found that all section 1983 actions should be subject to the statute of limitations for personal torts. *Id.* at 1947. The Court noted that section 1983 was a "uniquely federal remedy," *id.* at 1945 (quoting *Mitchum v. Foster*, 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32

L.Ed.2d 705 (1972)), and that "simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose." *Wilson*, 105 S.Ct. at 1945. The holding would create a uniform characterization which would lead to more certainty and less time-consuming litigation "foreign to the central purposes of § 1983." *Id.* at 1945.

The same rationale, however, does not apply to actions under the Education of All Handicapped Children Act. Rather, the nature of actions that can be brought under this Act as well as the Act's goal of proper education of the handicapped child make the selection of state limitations periods on a case-by-case basis an imperative. The individual case must be characterized by considering the facts, the circumstances, the posture of the case and the legal theories presented. *See Silverberg v. Thomson McKinnon Securities, Inc.*, 787 F.2d 1079, 1083–84 (6th Cir.1986) (selection of appropriate statutes of limitations in RICO actions should be done on an individual case basis).

For example, the Janzens seek reimbursement for the expense of Charles Janzen's private special education. Charles received a graduate equivalency diploma in 1981. Under the Act, actions may be brought by parents who cannot afford to pay for the schooling first and then seek reimbursement. In these cases, the child is being deprived of proper education while the dispute continues as to who must pay for the education. Parents may under the Act dispute the program being provided by the school system. The need for immediate action is much greater in these cases than in the Janzen situation. The shorter statute of limitations probably furthers the goals of the Act. If the dispute centers around the proper education to be provided, the federal cause of action may be more analogous to a different state cause of action than would be the case in an action seeking reimbursement, as we have here.

These factors alone argue that all actions under the Education of All Handicapped Children Act cannot be characterized in the same way. In Tennessee, five separate statutes of limitations could apply in the Janzen situation: (1) a sixty-day statute of limitations for appeals from administrative agency rulings, Tenn.Code Ann. § 4–5–322; (2) a one-year statute of limitations for personal torts, Tenn. Code Ann. § 28–3–104; (3) a one-year statute of limitations for claims against the state before the Board of Claims, Tenn.Code Ann. § 9–8–402; (4) a ten-year statute of limitations for actions not covered by other statutes of limitations, Tenn. Code Ann. § 28–3–110(3); and (5) a three-year statute of limitations for services performed but not paid for, Tenn.Code Ann. § 28–3–105(3). The district court selected the three-year statute of section 28–3–105(3). We agree.

Obviously, the sixty-day statute of limitations of section 4–5–322 which applies to appeals from agency rulings is inapplicable because the Janzens had no ruling of any kind from which to appeal. The present situation as argued by the school board is in no way analogous. Had a due process hearing been held, the posture of the situation would have been more akin to an appeal from an agency ruling. However, the goals of the Act itself are hindered by using section 4–5–322. The Act provides for de novo review of the hearing decision as an independent check on the local agencies. *Scokin*, 723 F.2d at 436–37; *Tokarcik v. Forest Hills School Dist.*, 665 F.2d 443, 450–51 (3d Cir.1981), *cert. denied sub nom. Scanlon v. Tokarcik*, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982). The statute provides for a more narrow review consisting of review of the record with additional evidence allowed only if there is good reason that it was not presented in the agency proceeding. Applying the short limitations period and its accompanying narrow review would undermine the judicial check on the local decisions. In addition, such a short limitations period would certainly not encourage parental involvement in the educational decision-making pertaining to their child—another goal of the Act. *Scokin*, 723 F.2d at 437; *Tokarcik*, 665 F.2d at 452. Parents

need time to evaluate their position and the position of their child. For example, the child might need further testing to aid the parents in their decision. Further, the short time limit would surely inhibit the collection of evidence necessary to proceed with an orderly review.

We recognize the need for the prompt resolution of educational disputes to prevent the child from falling hopelessly behind in his education. *Department of Educ., State of Hawaii v. Carl D.,* 695 F.2d 1154, 1157 (9th Cir.1983). Senator Williams stated in the final Senate debate on the Act that "delay ... is extremely detrimental to [the child's] development." 121 Cong.Rec. 37,416 (1975). However, as the *Scokin* and *Tokarcik* opinions held and as the district court in this case agreed, such a short time as the administrative limitations period is not necessary. The *Scokin* court noted that the Education of All Handicapped Children Act uses parental concern as an enforcement mechanism for the Act. That same concern will motivate parents such as the Janzens to pursue their rights and the rights of their child quickly without necessitating a short limitations period. *Scokin,* 723 F.2d at 437.

Two circuits have used administrative statutes of limitations in Education of All Handicapped Children Act cases. *See Adler by Adler v. Education Dep't of the State of New York,* 760 F.2d 454 (2d Cir. 1985); *Department of Educ., State of Hawaii v. Carl D.,* 695 F.2d 1154 (9th Cir. 1983). However, in *Adler,* the court applied the statute applicable to state education actions, not a general administrative statute directing review of a hearing decision. *Adler,* 760 F.2d at 456. In *Carl D.,* the court applied a thirty-day limitation to a review of a hearing decision, emphasizing that the scope of review of the limitations statute was the same and that equitable considerations in some cases might require a lengthening of the limitations period. *Carl D.,* 695 F.2d at 1157–58. The Court held that promptness required the short thirty-day statute. *Carl D.,* 695 F.2d at 1157. We simply disagree with these conclusions.

The one-year limitation for personal tort actions is, we believe, also inapplicable. Though a personal tort is perhaps *more* analogous to the facts before us in the present case than the situations discussed, the action before us is not similar to an action on a personal tort. The Janzens are not seeking recovery for an injury. They are seeking reimbursement for educational costs that a statute requires the local entities involved to pay. Further, the one-year limitation is not consistent with the federal concerns which must always remain paramount. *Occidental,* 432 U.S. at 367–68, 97 S.Ct. at 2454–56; *Tokarcik,* 665 F.2d at 449.

Two circuits have held that personal tort statutes of limitations are applicable to actions under the Education of All Handicapped Children Act. *See Scokin,* 723 F.2d 432; *Tokarcik,* 665 F.2d 443. However, in both of these cases the limitations period was two years. *Scokin,* 723 F.2d at 438; *Tokarcik,* 665 F.2d at 454. These courts determined that such a time limit was appropriate and did not subordinate the goals of the Act. The shorter one-year Tennessee personal tort limitations period is simply too short a time in these circumstances. We believe that this short limitations period would constrict the rights created by Congress when it enacted the Handicapped Act. Abbreviating the time period in which actions may be brought to one year would have the effect of severely constricting those rights. Certainly a longer period of time is necessary to encourage parental involvement in the decisions relating to the education of a child and to prevent the disallowance of meritorious claims by the uninformed or unaware.

Likewise, the one-year limitation of Tennessee Code section 9–8–402 is not applicable because it applies only to claims against the state which must be originally filed with a state administrative board. Here the defendants include a county entity and there is no claim against a state or before a board. This case has too many parties to give it any similarity to a claim brought

before an administrative board. Further, for the same reasons discussed above, the one-year limitation is just too short a time period in these circumstances.

In contrast, the ten-year limitation of section 28-3-110(3) is too long. Tennessee Code Annotated section 28-3-110(3) provides:

> **28-3-110. Actions on public officers' and fiduciary bonds—Actions not otherwise covered.**—The following actions shall be commenced within ten (10) years after the cause of action accrued:
>
> (3) All other cases not expressly provided for.

Tennessee has provided this statute of limitations only for situations that are not covered by other limitations periods. We feel this limitations period should not apply as the Janzens argued because the cause of action under the Handicapped Act is more analogous to a cause of action covered by the Tennessee three-year limitations statute. The ten-year statute also does not comport with the goal of the Act that these educational disputes be dealt with promptly.

We agree with the district court that the three-year statute of limitations of section 28-3-105(3) applies to actions for reimbursement under the Education of All Handicapped Children Act. Section 28-3-105(3) provides:

> **28-3-105. Property tort actions—Statutory liabilities—Alienation of affections.**—The following actions all be commenced within three (3) years from the accruing of the cause of action:
>
> (3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability; . . . .

This statute applies to actions for money owed for personal services rendered. It requires proof of the duty to pay for personal services rendered and a breach of that duty. The Janzens' claim for reimbursement for the cost of providing the proper education for Charles is in the nature of a claim for subrogation for personal services rendered. It requires proof that the defendants had the duty to pay for Charles Janzen's education and that the defendants subsequently breached that duty.

The three-year limitation of section 28-3-105(3) is also consistent with the goals of the Education of All Handicapped Children Act. Parents can easily be involved in the decisions relating to the education of their child. Full and independent judicial review is possible while at the same time the goal of prompt disposition of the matter is not inhibited. The unknowing and uninformed are not precluded from bringing an action and the danger that the passage of time will prejudice the defendants because witnesses or evidence may be lost is minimized.

In *Wilson v. Garcia*, ⸺ U.S. ⸺, 105 S.Ct. 1938, 1945, 85 L.Ed.2d 254 (1985), the Court stated that "[b]y adopting the statute governing an analogous cause of action under state law, federal law incorporates the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action." We believe that by adopting section 28-3-105(3), the statute of limitations for an analogous cause of action, a proper balance is achieved.

■ The district court found that the three-year limitations period began in May, 1981, when the Janzens became aware that they were entitled to reimbursement and when they instituted procedures to recover the education costs. The record reflects that the Janzens knew of their rights, retained counsel, and began procedures to enforce their rights as early as 1979. We note that Charles received his graduate equivalency diploma in April of 1981, and received his last educational training at the Brown Schools in May, 1981. We agree with the district court that the limitations period should begin when the Janzens became aware of their right to reimbursement and began pursuing procedures to

enforce that right. In any case, the filing of this action in February, 1985, was untimely because the three-year limitations period for the filing of actions had long passed.

The judgment of the district court is affirmed.