**ELIZABETH K., by her parents and next friends, PATRICIA K. and Steven K., Plaintiffs,**

v.

**WARRICK COUNTY SCHOOL CORPORATION, Defendant.**

**No. EV 91–99–C.**

United States District Court, S.D. Indiana, Evansville Division.

Jan. 2, 1992.

Katherine M. Black, Carbondale, Ill., for plaintiffs.

Mark E. Neff, Boonville, Ind., Donald L. Dawson, Troy A. Reynolds, Thomas E. Wheeler, II, Kightlinger & Gray, Indianapolis, Ind., for defendant.

## MEMORANDUM

BROOKS, Chief Judge.

This matter is before the Court on the DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT which were filed on October 21, 1991. The REPLY BRIEF TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed by the plaintiff on November 5, 1991. The DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed on November 18, 1991.

### FACTS AND PROCEDURAL HISTORY

1. Elizabeth K. [hereinafter Elizabeth] was a seven year old child residing with her parents [hereinafter parents] on the day the complaint was filed.

2. On or about August 29, 1991, Elizabeth's primary disability was diagnosed as "communication disorder."

3. The Warrick County School Corporation [hereinafter defendant] proposed that Elizabeth be placed in a classroom which was labeled "Developmental Kindergarten." The parents objected to the placement, complaining that the Developmental Kindergarten did not address Elizabeth's communication disorder, and was not staffed by persons qualified in communication disorders.

4. As a result of this objection, the parents requested an S-1 hearing regarding the appropriateness of the placement decision. This hearing was held on October 31, 1990. At the hearing, the parents were represented by their present counsel.

5. On December 7, 1991 the hearing officer's decision was issued. The order contained the following language, found at Page 6:

The classroom (DK) is not to contain "mixed categories" unless the primary focus is on speech and language. If the focus changes, then this Order is modified to mandate the development of a Communication Handicapped classroom.

The parents were notified of their right to appeal the S–1 hearing officer's decision.

6. The parents perfected an appeal of the hearing officer's decision. This appeal was heard by the Board of Special Education Appeals on February 14, 1991. The parents were again represented by counsel.

7. The Board of Special Education ruled on March 6, 1991 that the hearing officer's placement decision was affirmed. The written ruling also advised the parents that an aggrieved party would have thirty days from receipt of the order in which to seek judicial review.

8. The Complaint Seeking Judicial Review of Administrative Order was filed on July 5, 1991.

## DISCUSSION

This Court has jurisdiction to hear this matter pursuant to 20 U.S.C. § 1415 (1991). Section 1415 provides that a civil action may be brought by the aggrieved party in a State Court of competent jurisdiction, or in a district court of the United States without regard to the amount in controversy.

The defendant seeks summary judgment of this matter, alleging that the plaintiffs did not file the appeal until after the statute of limitations had expired. According to the defendant, the applicable statute of limitations is thirty days. Alternatively, the plaintiffs argue that a two or a five year statute of limitations should be applied by this Court, and that under a two year statute of limitations, the appeal is timely. Pursuant to Federal Rule of Civil Procedure 56(c), if there is no genuine issue of material fact, and the record shows that the plaintiffs have failed to comply with the appropriate statute of limitations, summary judgment should be granted.

This case is governed by the Individual with Disabilities Education Act 20 U.S.C. § 1400 *et seq.* [hereinafter IDEA or the Act]. The IDEA does not provide a statute of limitations applicable to the IDEA, therefore, the Court must determine the appropriate statute of limitations to be applied by the Court. "[T]he settled practice has been to adopt a local time limitation if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985). Numerous courts have adopted this practice, and have applied an analogous state statute of limitations to the IDEA. *See generally Schimmel by Schimmel v. Spillane,* 819 F.2d 477 (4th Cir.1987); *Janzen v. Knox County Board of Education,* 790 F.2d 484 (6th Cir.1986); *Scokin v. Texas,* 723 F.2d 432 (5th Cir.1984). The Court notes that this is a case of first impression; no Indiana cases have interpreted this particular section of the IDEA to determine an applicable statute of limitations.

One concern noted by the *Wilson* Court is whether one state statute of limitations should be applied consistently, or whether the appropriate statute of limitations should be determined on a case-by-case basis. *Wilson,* 471 U.S. at 268, 105 S.Ct. at 1942. The Sixth Circuit has considered this issue, and ruled:

[T]he nature of actions that can be brought under this Act as well as the Act's goal of proper education of the handicapped child make the selection of state limitations periods on a case-by-case basis an imperative. The individual case must be characterized by considering the facts, the circumstances, the posture of the case and the legal theories presented.

*Janzen v. Knox County Board of Education,* 790 F.2d 484, 487 (6th Cir.1986). *See also Hall v. Knott County Board of Education,* 941 F.2d 402 (6th Cir.1991); *Lawson v. Edwardsburg Public School,* 751 F.Supp. 1257 (W.D.Mich.1990).

The Court has three Indiana statute of limitations from which to choose. The defendant argues that the 30 day statute of limitations provided by Ind.Code § 4–21.5–5–5 (1990) for judicial review of administrative decisions is applicable. Alternatively, the plaintiffs assert that the two year statute of limitations applied to causes of action for injuries to person or character pursuant to Ind.Code § 34–1–2–2(1) (1991) should be applied; or that the five year statute of limitations pursuant to Ind.Code

**884**

§ 34–1–2–2(2) (1991) for actions against a public officer should be applied.

The defendant argues that the 30 day administrative review statute of limitations is the most analogous to the cause of action arising under IDEA. Thus, the defendant asserts that the thirty day statute of limitations should be applied. However, the plaintiffs contend that the application of a thirty day statute defeats the policies of the IDEA since such a short time period restrict the availability of judicial review. For the reasons set forth below, the Court finds that under the present set of circumstances, the thirty day statute of limitations should be applied, and the cause of action is untimely.

### Purpose of IDEA

The IDEA was designed to provide an appropriate, free public education. The specific purpose of the act is set forth as follows:

> It is the purpose of this Act to assure that all handicapped children have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of handicapped children and their parents or guardians are protected, ...

20 U.S.C. § 1400(c) (1991). The statute of limitations which the Court ultimately applies must not be inconsistent with the purpose of the Act.

### Appropriate Statute of Limitations

The plaintiffs advocate the adoption of either a two year or a five year statute of limitations. The Court rejects the five year statute of limitations applicable to actions against public officials as too lengthy. The purpose of the IDEA is to insure handicapped children receive a proper education. In order to meet this goal, prompt resolution of disputes is necessary. Thus, a five year statute of limitations is inconsistent with the underlying policy and purpose of the IDEA.

There are two questions which the Court must answer when deciding which is the applicable statute of limitations. First, does Indiana have an analogous statute of limitations which may be applied? If so, would the utilization of the statute of limitations be consistent with the policies and goals of the IDEA. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

### a. Sufficient Analogy

The plaintiffs assert that the review provided for administrative decisions is not sufficiently analogous to the review provisions of the IDEA to allow its application. The standard of review for administrative decisions is set forth in Ind.Code § 4–21.5–5–11, which provides:

> Judicial review of disputed issues of fact must be confined to the agency record for the agency action supplemented by additional evidence taken under section 12 of this chapter. The court may not try the cause de novo or substitute its judgment for that of the agency.

The plaintiffs contend that the IDEA requires judicial review which is close to a *de novo* standard. In support of this proposition, the plaintiffs cite the following cases: *Janzen,* 790 F.2d 484, 487 (Administrative agency statute provides too narrow of a review since additional evidence is allowed only if there was good reason not to present that evidence at the agency level); *Scokin v. Texas,* 723 F.2d 432, 436 (5th Cir.1984) (Administrative agency review is too limited); *Tokarcik v. Forrest Hills,* 665 F.2d 443, 451 (3rd Cir.1981) (Review should not be limited to examination of the record).

The IDEA mandates that when reviewing a case brought pursuant to the Act, the Court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). This language is relied upon by the plaintiffs in arguing that the Court must conduct a nearly *de novo* hearing.

In *Hendrick Hudson District Board of Education v. Rowley,* 458 U.S. 176, 102

S.Ct. 3034, 73 L.Ed.2d 690 (1982) the Supreme Court clarified the appropriate standard of judicial review for an IDEA case. The Court interpreted section 1415(e)(2) in the following language:

The parties disagree sharply over the meaning of these provisions, petitioners contending that courts are given only limited authority to review for state compliance with the Act's procedural requirements and no power to review the substance of the state program, and respondents contending that the Act requires courts to exercise *de novo* review over state educational decisions and policies. We find petitioners' contention unpersuasive, for Congress expressly rejected provisions that would have so severely restricted the role of reviewing courts. In substituting the current language of the statute for language that would have made state administrative findings conclusive if supported by substantial evidence, the Conference Committee explained that courts were to make "independent decision[s] based on a preponderance of the evidence."

But although we find that this grant of authority is broader than claimed by petitioners, we think the fact that it is found in § 1415, which is entitled "Procedural safeguards," is not without significance. When the elaborate and highly specific procedural safeguards embodied in § 1415 are contrasted with the general and somewhat imprecise substantive admonitions contained in the Act, we think that the importance Congress attached to these procedural safeguards cannot be gainsaid. It seems to us no exaggeration to say that Congress placed every bit as much emphasis upon compliance with procedures giving parents and guardians a large measure of participation at every stage of the administrative process ... as it did upon the measurement of the resulting IEP against a substantive standard. We think that the congressional emphasis upon full participation of concerned parties throughout the development of the IEP, as well as the requirements that state and local plans be submitted to the Secretary for approval, demonstrates the legislative conviction that adequate compliance with the procedures prescribed would in most cases assure much if not all of what Congress wished in the way of substantive content in an IEP.

Thus the provision that a reviewing court base its decision on the "preponderance of the evidence" is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of school authorities which they review. The very importance which Congress has attached to compliance with certain procedures in the preparation of an IEP would be frustrated if a court were permitted simply to set state decisions at nought. The fact that § 1415(e) requires that the reviewing court "receive the records of the [state] administrative proceedings" carries with it the implied requirement that due weight shall be given to these proceedings. And we find nothing in the Act to suggest that merely because Congress was rather sketchy in establishing substantive requirements, as opposed to procedural requirements for the preparation of an IEP, it intended that reviewing courts should have a free hand to impose substantive standards of review which cannot be derived from the Act itself. In short, the statutory authorization to grant "such relief as the court determines is appropriate" cannot be read without reference to the obligations, largely procedural in nature, which are imposed upon recipient States by Congress.

*Id.* at 205–06, 102 S.Ct. at 3050–51 (citations omitted). Thus, the standard of review for IDEA cases lies somewhere in between the review accorded an administrative determination and a *de novo* examination.

The Court notes that there are differences between the standard of review set forth in Ind.Code § 4–21.5–5–11 and that set forth at 20 U.S.C. § 1415(e)(2). However, the *Wilson* Court acknowledged, "[I]t is 'the purest coincidence,' ... when state statutes or the common law provide for

equivalent remedies; any analogies to those causes of action are bound to be imperfect." *Wilson,* 471 U.S. at 272, 105 S.Ct. at 1944. The *Wilson* Court further noted that for this reason, the adoption of a particular analogy may seem arbitrary, and the losing party may infer that the choice was result oriented. *Id.,* n. 24.

The District of Columbia Circuit dealt with the differences between the IDEA standard of review and an administrative agency decision standard of review in the case of *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C.Cir.1989). The court ruled:

> Specifically, we find the distinction between the appellate review governed by D.C.App.Rule 15(a) and the trial court proceeding specified in section 1415(e)(2) to be relatively minor, given the reviewing court's quasi-appellate role under section 1415(e)(2). . . .
>
> Finally, we reject appellants' argument that the standard of review governing appeals from agency decisions is sufficiently different from that of section 1415(e)(2) as to require adoption of a different limitations period. Although the two standards of review are plainly different, *compare* § 1415(e)(2) (preponderance of the evidence *with* D.C.Code § 1–1510(a)(3)(A), (E)) (arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence in the record), both require a reviewing court to defer to the agency's substantive determinations. *See Rowley* . . .
>
> In sum, were we to compare an action under section 1415(e)(2) with an administrative appeal under Rule 15(a) without the benefit of *Rowley,* we might well have found sufficient differences to make this a closer question. . . . In light of *Rowley,* however, we hold that a suit under section 1415(e)(2) is sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30–day local limitations period for such appeals.

*Id.* at 465–66. *See also Schimmel,* 819 F.2d 477, 481 (4th Cir.1987) (Court found

scope of review for administrative agency rulings sufficiently analogous to the provisions of the IDEA; this Court notes that the Virginia statute administrative agency review statute called for a broader review than does its Indiana counterpart).

The Court notes that the plaintiffs argue that the two year statute of limitations for injuries to character and person is applicable to the case at bar. Several courts have adopted such a statute of limitations. *See generally Schimmel,* 819 F.2d 477; *Tokarcik,* 665 F.2d 443. However, with the *Rowley* Court's admonition that due deference be given to the administrative record, the Court finds that the statute of limitations found at Ind.Code § 4–21.5–11 is more appropriate. *See also Brookhart v. Illinois State Board of Education,* 697 F.2d 179, 182 (7th Cir.1983).

This Court finds that the statutory scheme provided by the Indiana Code Administrative Orders Title is sufficiently analogous to the IDEA to allow its application. It is highly unlikely that a state statute will be perfectly analogous to the federal statute. Thus, the Court must adapt that which is sufficiently similar. In light of the *Rowley* holding that the Court give due deference to the administrative findings, this Court holds this is the statute of limitations which is to be applied under this particular set of circumstances. This Court notes that a decision, although giving due deference to administrative findings, would be based on a preponderance of the evidence, and the Court must do more than merely review the record.

### b. Consistency with Federal Policy

■ The second question to be addressed is whether the statute of limitations chosen by the Court is consistent with the policy and purpose of the federal law to which the statute is being applied. According to the plaintiffs, the thirty day limitation period violates the substantive and procedural protections guaranteed by the IDEA. Alternatively, the defendant argues that the IDEA requires a prompt resolution of disputes, thus, making a short statute of limitations appropriate.

The plaintiffs rely on *Tokarcik*, 665 F.2d 443 for support of this position. In *Tokarcik* the court rejected a thirty day statute of limitations in favor of a two year period. The rationale given by the *Tokarcik* court included the following:

1. A plaintiff will not have adequate time to prepare his case in a thirty day period.

2. A restrictive statute of limitations will limit the range of evidence and issues the court would be able to consider.

3. The thirty day limitation period would frustrate the policies of the IDEA.

*Id.* at 451–52.

Similarly, in *Schimmel*, 819 F.2d 477 the court rejected a thirty day limitations period. Although the court found the administrative review statute of limitations sufficiently analogous, the court ruled:

Our most serious concern in this regard arises from the fact that many parents of handicapped children may not be represented by counsel in the administrative due process hearings that precede suit under the [IDEA]. If parents are not represented by counsel at the due process hearings, then they may be unaware of and unfairly penalized by a very short limitations period for filing suit in a district court. Presumably, application of the statute of limitations under the Virginia Administrative Process Act would require previously unrepresented parents to obtain counsel and decide whether to file suit within thirty days of an adverse decision rendered in a due process hearing. We think that requiring unrepresented parties to act in such haste would be unduly harsh, and would undermine the federal policy of permitting review of decisions reached in administrative due process hearings in the federal courts.

Our concern about imposing a very short statute of limitations upon parties who are not represented by counsel at administrative due process hearings is magnified by the fact that such parties may never be advised of the applicable limitations period....

[T]he need for speedy resolution of disputes does not outweigh the risk that a very short statute of limitations may deny parties a fair opportunity to obtain judicial review of adverse decisions rendered in administrative due process proceedings.

*Id.* at 482–82.

The statutes of limitation which this Court has available are thirty days or two years. In the case at bar, it is established that the plaintiffs were represented by counsel at the administrative level hearings. (Affidavit of Kevin McDowell, Attached to Defendant's Brief in Support of Motion for Summary Judgment). The plaintiffs were advised in a Memorandum dated March 6, 1991 that they had thirty days to appeal the decision of the Board of Special Education. (Affidavit, Exhibit 2, Attached to Defendant's Brief in Support of Motion for Summary Judgment). Thus, the *Schimmel* court's apprehensions regarding unrepresented parents are not applicable in the present controversy.

Nor are the concerns highlighted in the *Tokarcik* case an issue in the present controversy. Although an appeal may need to be filed within thirty ·days, the parties would have a longer period of time in which to prepare their case. In the present controversy, the plaintiffs have been represented by counsel throughout the administrative proceedings. Thus, plaintiffs' counsel is well versed in the facts and procedural history of the case and would not be harmed by a short period of time in which to file an appeal. Additionally, the plaintiffs were advised of a thirty day time period in which to perfect an appeal.

Since the plaintiffs obtained counsel at an early date, the procedural safeguards the IDEA seeks to allow were satisfied. Thus, the balance weighs in favor of prompt resolution of the matter. The Court notes that in a situation where these safeguards were not met, the Court may well find a different statute of limitations applicable under the *Janzen* rationale. However, the circumstances surrounding this case call for a brief time period in which to perfect an appeal. The Court

further notes that under the IDEA, the plaintiffs will be entitled to an annual review of Elizabeth's individual program. Thus, if the plaintiffs are not satisfied with Elizabeth's program in the future, they will be able to contest the program after the next evaluation.

## CONCLUSION

After having reviewed the foregoing, the Court finds that the determination of the applicable statute of limitations to be applied to the IDEA is to be made on a case-by-case basis after taking into account the totality of the circumstances of each individual case. In this case, the appropriate statute of limitations is thirty days, and may be found at Ind.Code § 4–21.5–5–5. This statute of limitations is sufficiently analogous to the examination called for under IDEA to allow its application. After considering the facts and circumstances of the present controversy, the Court finds that application of the thirty day statute of limitations is not inconsistent with the goals and policies of the IDEA.

After having duly considered the foregoing, as well as the relevant case and statutory law applicable to this matter, the Court hereby GRANTS the DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

This is the final judgment of the Court.

IT IS SO ORDERED.