Belinda KING, et al., Plaintiffs,

v.

**FLOYD COUNTY BOARD OF EDUCATION, Defendant.**

Civil Action No. 97–431.

United States District Court,
E.D. Kentucky.

May 11, 1998.

Jeffrey J. Kuebler, Susan C. Sears, Newberry, Hargrove & Rambicure, Lexington, KY, for Plaintiffs.

Robert L. Chenoweth, Chenoweth Law Office, Frankfort, KY, for Defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

These matters are before the Court upon cross motions for summary judgment [Record Nos. 9 & 11]. Both motions have been fully briefed and are ripe for consideration.

The following are the pertinent facts. By order dated December 23, 1997, the Court consolidated the following three cases: *Belinda King, by her next friend, Scarlet King v. Floyd County Board of Education,* Case No. 97–431;[1] *Clayton Hall, by his next friend, Darlene Mitchell v. Floyd County Board of Education,* Case No. 97–432; and *Ronnie Joe Sword, by his next friend, Barbara Sword v. Floyd County Board of Education,* Case No. 97–433. Each of the above cases arose from the same factual circumstances and involved the same issues of law under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq.

On November 4, 1997, almost nine months after the decisions on the merits of the cases had become final, the plaintiffs brought their claims for attorneys' fees. Specifically, the plaintiffs are suing for attorneys' fees under 20 U.S.C. § 1415(e)(4)(B), which states that:[2]

> In any action or proceeding brought under this subsection the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

In all three cases, the defendant concedes that the plaintiffs were the "prevailing parties" as the term is used in the statute. Hence, the only issue surrounding these cases is whether the plaintiffs' claims for attorneys' fees are barred by the applicable statute of limitations.

---

1. This case was designated as the lead case.

2. For ease of reference, the claims for attorney's fees will be referenced as having been brought under § 1415(e)(4)(B) even though an attorney fee action under the Act is now codified § 1415(i)(3)(B), (C).

The issue of the applicable statute of limitations for an award of attorneys' fees under § 1415(e)(4)(B) is one of first impression in the Sixth Circuit.[3] In fact, only two federal courts of appeals have addressed this issue, and they have disagreed.

In addressing this issue, it should be pointed out that the IDEA statute does not specify a statute of limitations pursuant to which a prevailing party must initiate an action in court for attorneys' fees. Under such circumstances, the United States Supreme Court has repeatedly stated that a court should borrow the most appropriate or analogous state statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Janzen v. Knox County Board of Education*, 790 F.2d 484, 486 (6th Cir.1986).

The defendant argues that the analogous statute in Kentucky is KRS 13B.140. This statute states that a party has thirty days upon which to file an appeal of an administrative order. *See* KRS 13B.140. The defendant also urges the Court to adopt the reasoning in *Powers v. Indiana Department of Education, Division of Special Education*, 61 F.3d 552 (7th Cir.1995).

In *Powers*, the Seventh Circuit found that the claim for attorneys' fees was ancillary to the education dispute, and it was part of the underlying administrative action. *Id.* at 556–58. Hence, the Seventh Circuit held that the most analogous statute was Indiana's thirty-day statute of limitations for an administrative appeal.

On the other hand, the plaintiffs argue that KRS 413.120(2) is the appropriate statute of limitations. This statute states that an "action upon a liability created by statute, when no other time is fixed by the statute creating the liability" shall be commenced within five years. *See* KRS 413.120(2).

After reviewing both statutes, the Court agrees with the plaintiffs. The claim for attorneys' fees under § 1415(e)(4)(B) is a separate claim and is not part of the underlying administrative action. Therefore, Kentucky's five-year statute of limitations is the most analogous statute.

In reaching its decision, the Court was persuaded by the case of *Zipperer v. School Board of Seminole County, Florida*, 111 F.3d 847 (11th Cir.1997). In rejecting the Seventh Circuit's approach, the *Zipperer* Court stated the following:

> Most significantly, section 1415(e)(2) provides for the appeal of a substantive administrative decision, whereas section 1415(e)(4) provides for an independent claim for attorneys' fees. Because the district court, rather than the administrative agency, has jurisdiction to award fees, the prevailing party cannot appeal an administrative decision under section 1415(e)(4)(B). Accordingly, we reject the school system's argument that a claim under section 1415(e)(4)(B) is analogous to the appeal of an administrative hearing. Instead, we find that section 1415(e)(4) provides a claim based on a statutory liability and is, thus, more analogous to Fla. Stat. ch. 95.11(3)(f).

*Id.* at 851.

Along with *Zipperer*, the Court found the case of *Janzen v. Knox County Board of Education*, 790 F.2d 484, 487 (6th Cir.1986), to be highly persuasive. In determining which statute of limitations applied to a substantive appeal under 20 U.S.C. § 1415(e)(2), the Sixth Circuit made the following statement in regard to the proposed sixty day limitation:

> Obviously, the sixty-day statute of limitations of section 4–5–322 which applies to appeals from agency rulings is inapplicable because the Janzens had no ruling of any kind from which to appeal. The present situation as argued by the school board is in no way analogous.

*Id.* at 487.

In the case at bar, because the Court has jurisdiction over the plaintiffs' claims for attorneys' fees, not the administrative agency, the plaintiffs did not have any ruling from which to appeal. Hence, based on the reasoning in *Janzen*, the fact pattern at bar is in no way analogous to an appeal of an administrative decision.

**3.** To this Court's knowledge, no court in the Sixth Circuit has addressed this issue.

In summary, the Court finds that Kentucky's five-year statute of limitations, KRS 413.120(2), is the most analogous statute. This is reasonable because the plaintiffs' claim for attorneys' fees is based upon statutory liability and is independent of the underlying action.

The next issue to be addressed is whether a five-year statute of limitations is consistent with the policies underlying IDEA. One of the goals of IDEA is to promote parental involvement in the educational decision-making process. *See Janzen,* 790 F.2d at 487. A five-year statute of limitations serves to promote participation on behalf of parents because they know they will have ample time to recover their attorneys' fees if they are the prevailing parties under the statute. *See J.B. v. Essex–Caledonia Supervisory Union,* 943 F.Supp. 387, 392 (D.Vt.1996) (noting that a longer statute of limitations is consistent with Congress's intent to encourage and promote the rights of the handicapped in education).

Additionally, the Court agrees with the following excerpt from *Zipperer:*

> We next address whether adoption of a four-year statute of limitations is inconsistent with the policies of the IDEA. We acknowledge that a short period of limitations for claims brought pursuant to section 1415(e)(2) "assures prompt resolution of disputes over education plans for [disabled] children." Nonetheless, the resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of limitations. A four-year period of limitations, like the award of attorneys' fees to parents who are prevailing parties, is likely to encourage the involvement of parents, as represented by attorneys, in securing appropriate public educations for their children. We conclude that the application of a four-year statute of limitations to claims for attorneys' fees under the IDEA is consistent with the policies of the federal statute. (internal citations omitted).

Based on the above, the Court finds that Kentucky's five-year statute for actions based upon statutory liabilities is consistent with the policies underlying IDEA. Therefore, since the plaintiffs at bar brought their claims for attorneys' fees within 10 months of the final orders, they are not time-barred.

Having determined that the plaintiffs' claims for attorneys' fees are not time-barred, the next question the Court must address is how much should the plaintiffs receive.[4] Counsel for the plaintiffs have provided the Court with an itemized list of their expenses, and the defendant has lodged numerous objections to them.

The Sixth Circuit has stated the following in regard to a district court's determination of a fee award:

> "[I]t remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." A district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why. Where a party raises specific objections to a fee award, a district court should state why it is rejecting them. Even if the defendant raises objections in a generalized manner, a district court has an obligation to review the billing statement and eliminate those portions of the fee which are unreasonable on their face.

*Wooldridge v. Marlene Industries Corp.,* 898 F.2d 1169, 1176 (6th Cir.1990).

In deciding the attorneys' fees' issue, the first point to be addressed is how much is an appropriate and reasonable hourly rate for the various attorneys. The Sixth Circuit has held that the district court has broad discretion in determining the reasonableness of an hourly rate. *See Wayne v. Village of Sebring,* 36 F.3d 517, 533 (6th Cir.1994).

■■] In the case at bar, the Court received affidavits from three attorneys for the plaintiffs listing their hourly rates. One of the attorneys, Susan C. Sears, has stated that she charges $100 an hour for her services. Even though Ms. Sears had been practicing less than two years when she began working

---

4. It should be emphasized that as to the defendant's liability for the plaintiffs' attorneys' fees, the only issue was what statute of limitations should be applied.

on this case, she had three years experience because she had clerked a year for the Kentucky Supreme Court.[5] Based on her experience and the prevailing market rate, the Court finds that $100 is a reasonable rate.

▮] As to Jeffrey J. Kuebler, one of plaintiffs' counsel, he also charges $100 per hour. Mr. Kuebler had been practicing only three months when he started working on this case. Based on his limited experience and the prevailing market rate for inexperienced attorneys in eastern Kentucky, the Court finds that a reasonable rate for Mr. Kuebler is $70 an hour.

Finally, an affidavit was received from William C. Rambicure. Mr. Rambicure has been practicing law for almost 17 years and is a shareholder in the firm Newberry, Hargrove & Rambicure, P.S.C. Mr. Rambicure charges $145 per hour for his services. Although the defendant objects to the amount of Mr. Rambicure's hourly rate, the Court finds that given his experience $145 per hour is extremely reasonable.

After determining the appropriate billable rates for each attorney, the Court must now perform the painstaking task of thoroughly examining the plaintiffs' records for excessive or duplicative billing. Before addressing the specifics, the Court notes two of the defendant's objections.

▮ First, plaintiffs' counsel is accused of billing the defendant for learning how to practice a special education case. The defendant claims that it is not responsible for counsel's time and research in order to become familiar with the statutes and laws surrounding a special education case. The Court agrees with the defendant, and this point is especially well taken considering that plaintiffs' counsel concedes that there was a "vast difference in the experience levels of the primary attorneys in this action, Mr. Chenoweth, on the one hand, and Ms. Sears and Mr. Kuebler, on the other." See Plaintiffs' Reply, p. 8.

Next, the defendant notes out that the three cases were almost identical. Based on the degree of similarity, the defendant accuses plaintiffs' counsel of excessive, unnecessary, and duplicative billing. In other words, the defendant claims that plaintiffs' counsel might have researched an issue for one of the plaintiffs and then billed the other two plaintiffs for the same research because the issues in the cases were similar. Although plaintiffs' counsel denies these charges, the Court will review their billing records with this in mind.

Having addressed the defendant's general objections, the Court will now examine some of its specific points. First, the defendant points out that plaintiffs' counsel were retained on August 12, 1996, but billed for activities that predated their arrival.

After reviewing the record, the Court agrees with the defendant. In essence, counsel's expenses that predate August 12, 1996, are costs associated with getting counsel up to speed with the law, such as reviewing case law associated with education cases. The defendant should not have to pay for these type of expenses, and hence, the Court will strike all expenses incurred before August 12, 1996.

▮ The defendant also complains that plaintiffs' counsel billed the defendant for a civil action that predated the due process hearings.[6] On August 30, 1996, the plaintiffs filed an action seeking injunctive relief against the defendant. A hearing was held on the plaintiffs' equitable claims, and the Floyd Circuit Court granted no relief. Furthermore, the plaintiffs filed a notice of voluntary dismissal, and it was stricken from the court's active docket. The defendant argues that since this action did not serve to benefit the plaintiffs, had no effect on the due process hearings,[7] and was unnecessary, counsel's fees relating to the Floyd Circuit Court action should be stricken.

The Court agrees with the defendant's arguments. First, the plaintiffs were not pre-

---

5. See Record No. 12, Plaintiffs' Response, p. 8, and Sears's Affidavit.

6. The due process hearings is where the plaintiffs had their success.

7. In essence, this action did not benefit the plaintiffs or alter their legal position in any way.

vailing parties in the Floyd Circuit Court action. Hence, they should not be reimbursed under the statute. *See Payne v. Board of Education, Cleveland City Schools,* 88 F.3d 392 (6th Cir.1996) (stating that in order to be a prevailing party under IDEA, a party must obtain some relief).

Next, even if plaintiffs' counsel could overcome this obstacle, the above action for injunctive relief was unnecessary. Although the Court understands that hindsight is 20/20, the plaintiffs simply jumped the gun and filed an action before the due process hearings could be conducted. In essence, the defendant is being asked to pay for plaintiffs' counsel's mistakes while learning how to practice a special education case. This is improper especially considering that reasonable attorneys probably would not have wasted time pursuing injunctive relief at that stage.[8]

Finally, on this point, plaintiffs' counsel did not meet their burden of showing that the injunctive action was reasonable. After the defendant attacked the reasonableness of the injunctive action in its response, plaintiffs' counsel had the opportunity to file supporting affidavits from other attorneys that practice education law in order to bolster their claim that the injunctive action was reasonable. However, plaintiffs' counsel failed to even address it in their reply. Hence, the expenses surrounding the action for injunctive relief must be stricken.

■] The defendant further claims that plaintiffs' counsel should not be allowed to recover their costs for Westlaw research. To the Court's knowledge, the case of *Texler v. County of Summit Board of Mental Retardation and Developmental Disabilities,* 1994 WL 252938 (6th Cir.1994) (unpublished), is the only case from the Sixth Circuit on this issue.

In *Texler,* the district court disallowed the appellee's LEXIS charges because it "would be tantamount to charging the losing party for the prevailing party's law library books," and the Sixth Circuit affirmed the ruling.

Along with *Texler,* the cases of *Standley v. Chilhowee R–IV School Dist.,* 5 F.3d 319 (8th Cir.1993), and *United States v. Merritt Meridian Const. Corp.,* 95 F.3d 153 (2d Cir. 1996), are also well-reasoned and persuasive.

In *Standley,* the Eighth Circuit held "that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Id.* at 325. Additionally, the Second Circuit in *Merritt* found that "computer research is merely a substitute for an attorney's time." *Id.* at 173. Based on the above case law, the Court will strike all of plaintiffs' counsel's Westlaw charges on the basis that research is factored into an attorney's hourly rate.

■ The defendant also objects to counsel's billing for an "anticipated" but never filed civil action in the Franklin Circuit Court. Apparently, the plaintiffs contemplated suing the defendant after it exercised its right to appeal the hearing officer's decisions. The defendant argues that there can be no basis to seek attorneys' fees against the defendant for prelitigation activity that never came to pass.

The Court agrees with the defendant's characterization.[9] It should be emphasized that the Court understands that whether an hour is billable is not contingent on whether it contributed to the ultimate success of the plaintiffs. However, the Court finds that plaintiffs' counsel's inexperience with handling special education cases caused counsel to go on some wild goose chases and get off track. The "anticipated" suit in Franklin Circuit Court is one such goose chase that counsel went on that reasonable attorneys probably would never have thought about pursuing.

Once again, the plaintiffs had an opportunity to submit affidavits in support of their claim that the "anticipated" action was reasonable under the circumstances. However, in their reply, they failed to address it. Consequently, they have failed to meet their

---

8. Counsel for the plaintiffs seem to have taken a trial and error approach to this case, and this is simply not compensable.

9. Obviously, the plaintiffs were not prevailing parties since the action never came to pass.

burden as to the "anticipated" litigation, and the Court must strike those expenses.

■┏⁚ The defendant further objects to the plaintiffs' request to reimburse Scarlet King, the mother of Belinda King, for home care expenses. The Court agrees with the defendant. For starters, Scarlet King is not a plaintiff in this action, but rather a representative for her daughter. Thus, it is not appropriate for her to be collecting expenses in this action. Additionally, this is strictly an action for attorneys' fees and nothing more. Hence, it is obvious she cannot be reimbursed in this proceeding. Lastly, even if the Court had the power to reimburse Scarlet King, she failed to meet the appropriate criteria.[10] Based on the above, all expenses billed to the defendant for the purposes of reimbursing Scarlet King will be stricken.

■┃ The defendant also objects to attorney Sears's billing for September 9, 1996. Sears billed for 19.8 hours on that day for a total expense of $1,980.[11] It should first be noted that Sears's hours on September 9, 1996, are probably already excluded because most of these hours were associated with the Floyd Circuit Court action. Notwithstanding the fact that those hours are already excluded, the Court finds that billing almost 20 hours in one day by one attorney is simply not credible. Even if the Court was willing to accept that Sears was working in some respect for almost twenty hours on the plaintiffs' cases, there is no way that she would have been able to sustain her concentration at a level that would have allowed her to bill every hour, especially considering that she was inexperienced in the area of special education cases. It seems safe to say that Sears's 19.8 hours for September 9 are clearly excessive and unnecessary. If Sears's

hours for September 9 were not already stricken, they are now in their entirety on account of excessiveness.

■] The defendant further asserts that plaintiffs' counsel billed for numerous hours which post-dated the ECAB decisions, i.e. post relief billing. The defendant argues that it should not have to pay for plaintiffs' counsel's post-hearing monitoring of the plaintiffs' cases.[12]

The Court agrees with the defendant that post-relief monitoring is not reimbursable under the Act. Although it was nice of plaintiffs' counsel to stay involved after the ECAB decisions, it is unreasonable to expect the defendant to pay for these type of expenses. Hence, the Court will strike all of counsel's post-relief monitoring expenses because they were unnecessarily expended after the plaintiffs had already won.

■ The defendant also points out that on December 2, 1996, attorney Kuebler billed 1.5 hours for reviewing a one and a half page letter from a Mr. Grissom. Although certain letters can be rather difficult to comprehend, the Court agrees with the defendant that 1.5 hours is excessive. The Court will give Mr. Kuebler the benefit of the doubt and allow him to bill half an hour for his review of the letter.

The Court notes that integrity and credibility are the foundation upon which a court uses to determine the reasonableness of attorneys' fees. In the case at bar, it is obvious that plaintiffs' counsel have been duplicative and excessive in their billing; however, the Court is going to allow them to have an opportunity to straighten it out.[13]

---

10. The plaintiffs have completely failed to show that Belinda was provided any education while she was at home.

11. Sears billed 18 hours to plaintiff Sword and 1.8 hours to Belinda King.

12. On January 17, 1997, the Exceptional Children Appeals Board ("ECAB") ruled for the plaintiffs. It seems that plaintiffs' counsel monitored the implementation of ECAB's rulings.

13. Along with all of the examples the Court has previously noted, it seems excessive for plaintiffs'

counsel to have used three attorneys to work on basically the same set of facts and legal issues. Additionally, plaintiffs' counsel's attempts to bill the defendant for numerous meetings between Ms. Sears and Mr. Kuebler seems unnecessary, excessive, and duplicative. Although the Court is sure that some of these meetings were reasonable and appropriate, it would like plaintiffs' counsel to take another look at their charges in this area before submitting their revised statement.

Specifically, in light of the Court's above rulings, counsel for the plaintiffs shall submit a revised itemized list of their expenses and costs. Affidavits will also be required from all attorneys that counsel references in their billing and attempts to charge for their time.[14]

Additionally, any time billed for paralegals or secretaries should be clearly identified, and the amounts billed per hour for each person should be given. Plaintiffs' counsel shall further detail their expenses relating to mileage, photocopies, faxes, and "miscellaneous" expenses.[15] Lastly, since this is a very complicated billing, spanning over three closely related cases, the Court wants a summary page, indicating the total amount charged by each attorney as well as clearly identifying the total amount to be paid for all of plaintiffs' counsel's work.[16] Accordingly,

**IT IS ORDERED:**

(1) That plaintiffs' motion for summary judgment [Record No. 9] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

(2) That defendant's motion for summary judgment [Record No. 11] be, and the same hereby is, **DENIED**;

(3) That plaintiffs' counsel will have 10 days from the entry of this Memorandum Opinion and Order to submit a revised itemized list of their expenses and costs;

(4) That the defendant will have 7 days from the plaintiffs' filing of their revised expenses to submit its objections.

---

14. The affidavits should be similar to the ones already submitted. If plaintiffs' counsel is only attempting to bill for Mr. Rambicure, Ms. Sears, and Mr. Kuebler then no other affidavits will have to be submitted.

15. In other words, the Court wants to know how much was charged per mile and the number of miles traveled for each mileage charge. As to copies, plaintiffs' counsel should explain what the copies were used for, how many copies were made, and the cost per copy. This type of detail might normally be dispensed with except for the creditability problems associated with their billing records and the large number of objections by the defendant.

16. As per Local Rule 7.1(i), the parties should file a courtesy copy of their memorandums with the Clerk.