**ROBERT D. and Lena D.,**

**v.**

**Thomas SOBEL, as Commissioner of Education of the State of New York.**

**No. 88 Civ. 287 (CLB).**

United States District Court, S.D. New York.

April 4, 1988.

---

Marion Katzive, Anne Murdaugh, Rebell & Katzive, New York City, for plaintiffs.

Martha Shoemaker, Asst. Atty. Gen. of State of N.Y., New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

On January 15, 1988, plaintiffs brought this action against the Board of Education of the Croton–Harmon Union Free School District ("Board") and Thomas Sobel, as the New York State Commissioner of Education ("Commissioner"), pursuant to the Education of the Handicapped Act ("EHA"), as amended by the Handicapped Children's Protection Act ("HPCA"), 20 U.S.C. Sec. 1415(e)(4)(B), which provides:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is a prevailing party.

Plaintiffs are seeking the award of costs, including attorney's fees, incurred in a local administrative proceeding in the amount of $2,774.29, and additional fees and costs incurred in this action. The action against the Board of Education was discontinued without prejudice or costs on March 2, 1988. The Commissioner in oral arguments heard on March 22, 1988, and papers fully submitted as of that date, moved to dismiss the action, or in the alternative for summary judgment, on the following grounds: it is barred by the statute of limitations; the Court lacks subject matter jurisdiction since it is an action solely for attorney's fees incurred in an administrative proceeding; the Commissioner was not a party to the administrative proceeding; and plaintiffs did not prevail since the hearing officer's decision is void as a matter of law.

This motion is denied in all respects. The Court further concludes it is appropriate to award summary judgment to the plaintiffs, since no genuine issue of material fact remains to be tried and they are entitled to judgment as a matter of law.

The EHA, 20 U.S.C. Secs. 1401 *et. seq.*, "represents an ambitious federal effort to promote the education of handicapped children," *Hendrick Hudson Bd. of Educ. v. Rowley*, 458 U.S. 176, 179, 102 S.Ct. 3034, 3037, 73 L.Ed.2d 690 (1982), through federal funding to state and local school systems. To qualify for federal funding a state must afford handicapped children a free appropriate education and develop a plan to effect that policy. New York has adopted a plan pursuant to the EHA, *see*

N.Y.Educ.Law Secs. 4201–13, 4351–58, 4401–09 (McKinney 1981 & Supp.1987). Under the plan, the Board establishes a Committee on Special Education ("CSE") to develop individualized education programs ("IEP") for each handicapped child, and recommend appropriate educational placement for him to the Board. If it is determined that placement in a private school or out-of-state school is appropriate, the Board must seek approval of the Commissioner. N.Y.Educ.L. Sec. 4402(2)(b).

The EHA, and state law, also provide procedures for administrative review for parents who object to placement decisions regarding their child. The EHA at 20 U.S.C. Sec. 1415(b)(2), provides in relevant part:

> Whenever a complaint has been received under paragraph (1) of this subsection, the parents ... shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency.

New York law provides for an impartial hearing to be provided by the Board as the local educational agency. N.Y.Educ.L. Sec. 4404(1). Usually this is done through a hearing officer, and the hearing officer's determination is then appealable to the Commissioner. *Id.* The Commissioner's determinations are then reviewable in an Article 78 proceeding in the New York Supreme Court or by a civil action in the federal courts. 20 U.S.C. Sec. 1415(e)(2).

Plaintiffs are the parents of Mark D., a handicapped child. In Spring 1987 it was determined that Mark D.'s needs were no longer met by his school placement, and it was necessary to find another facility for him. Following appropriate procedure, plaintiffs applied to the CSE of the Croton–Harmon Union Free School District to determine the proper school for Mark D. The CSE recommended a private residential placement, and applied to seventeen in-state schools on his behalf. Only one in-state school, the Summit School, accepted Mark D.

The Board, however, requested that the State Education Department approve a contract for a private, out-of-state placement of Mark D. at the Devereux Foundation in Pennsylvania, which was a school on the state's approved list. All contracts with private schools are subject to the Commissioner's approval pursuant to Sec. 4402(2)(b)(2), N.Y.Educ.Law. The State Education Department, through its Regional Associate, refused to approve the out-of-state placement on the ground that an in-state placement that met all of Mark D's needs existed, and therefore, the regulations barred approval. N.Y.Educ.Law Sec. 4407(1). On May 28, 1987 the Board reapplied to the Regional Associate, submitting a revised IEP to support its request. On June 4, 1987 the State Education Department again refused to approve out-of-state placement for Mark D.

Plaintiffs then requested an impartial hearing to challenge the determination. On June 8, 1987, a hearing was held at which the Board, CSE and the parents were all present, but nobody from the State Education Department participated. A State Education Department official declined to attend the hearing, despite the fact that the State Education Department's determination that Summit was an appropriate placement and its refusal to approve the out-of-state placement was the only decision being challenged. In typical bureaucratic fashion, the official wrote to the hearing officer that: "As a representative of the Commissioner of Education, I should not be participating in any due process activity that could ultimately be appealed to the Commissioner." Complaint, Ex. A (Letter from Edmund L. Cortez, June 9, 1987).

Based upon the evidence presented at the hearing, including expert testimony of a teacher, school social worker and psychologist, the hearing officer determined in a written decision dated June 16, 1987 that the in-state school was an not appropriate placement for Mark D. and remanded the case back to the CSE to take whatever steps were necessary to assure appropriate residential placement. Complaint, Ex. A. The hearing officer did not order placement at Devereux, but recommended such place-

ment. A copy of the decision was sent to the State Education Department, and in a letter dated June 30, 1987, the State Education Department in a reversal of position, approved Mark D's placement at the Devereux School in Pennsylvania. Complaint, Ex. B. Plaintiffs requested attorney's fees from the Board and Commissioner, and when that request was denied they brought this action.

Defendant moves to dismiss on the ground that the action is untimely. Plaintiffs' cause of action for attorney's fees accrued on June 16, 1987, the date of the hearing officer's determination in favor of the plaintiffs. The complaint was filed on January 15, 1987, almost seven months after the decision of the hearing officer.

The EHA provides for no statute of limitations, and therefore, the courts must borrow the time limitation applicable to the most closely analogous cause of action under state law. *Wilson v. Garcia*, 471 U.S. 261, 267–68, 105 S.Ct. 1938, 1942, 85 L.Ed. 2d 254 (1985). Defendant claims that this action is untimely because it is governed by a four month statute of limitations, and cites *Adler v. Education Dept. of State of New York*, 760 F.2d 454 (2d Cir.1985) in support of his position.

In *Adler* parents of a handicapped child brought an action in federal court pursuant to Sec. 1415(e)(2), appealing a decision of the Commissioner. The court held that the four-month statute of limitations period of Sec. 217 N.Y.Civ.Prac.Law, which applied to Article 78 proceedings, was applicable to the action. 760 F.2d at 456. The court reasoned that an action under Sec. 1415(e)(2) was essentially an appeal from an administrative proceeding, and analogous to the modified Article 78 proceeding provided for in Sec. 4404(3) N.Y.Educ.Law. *Id.* at 457. The court also noted that the policy behind the EHA of making appropriate public education available to handicapped children favored a shorter limitation period, since under a longer statute of limitations the child could stay in an inappropriate program for a longer period of time because of any delay in seeking federal court review. *Id.* at 459–460.

The reasoning of the court in *Adler*, however, does not apply to the case at bar. In that case the court was considering review of the Commissioner's determination under Sec. 1415(e)(2), while this case involves solely an award of attorney's fees under Sec. 1415(e)(4)(B). There is no similarity or analogy between an action for attorney's fees and costs, and an action to appeal a final administrative determination. In addition, there is no policy implicated by applying a longer statute of limitations to an action solely to recover attorney's fees. The placement of the handicapped child would not be implicated by an action for attorney's fees incurred in the administrative proceeding under 1415(e)(4)(B), since the adminsitrative proceeding would have resolved the issue of the child's placement before the action for fees is commenced.

■ This Court concludes, therefore, that the statute of limitations applicable to this case is found in Sec. 214(2) N.Y.Civ. Prac.Law, which provides that an action must be commenced within three years if it is: "an action to recover upon a liability, penalty or forfeiture created or imposed by statute.." This statute of limitations provides the closest state analogy to this federal fee shifting statute, since plaintiffs' claim would not exist "but for" the enactment of the statute. The defendant's motion to dismiss due to untimeliness is therefore denied.

■ Defendant moves to dismiss on the additional ground that the Court lacks jurisdiction over the action because EHA does not authorize a party who prevailed at a local administrative hearing under the Act to bring an action in federal court for the sole purpose of obtaining an award of attorney's fees and costs. This branch of the motion is denied based upon the Act's statutory language and legislative history of EHA's attorney's fees provisions. A clear majority of courts that have considered the issue have reached a similar conclusion. *See e.g., Burr v. Ambach*, 683 F.Supp. 46 (S.D.N.Y.1988). *Mathern v. Campbell County Children's Center*, 674 F.Supp. 816 (D.Wyo.1987); *Unified School Dist. v. Newton*, 673 F.Supp 418 (D.Kan.1987); *Mi-*

*chael F. v. Cambridge School Dept.*, No. 86–2532–C, slip op. at 12 (D.Mass. March 5, 1987) [available on WESTLAW, 1987 WL 7752]; *Moore v. Dist. of Columbia*, 666 F.Supp. 263, 266 (D.D.C.1987); *Kristi v. Graham Indep. School Dist.*, 663 F.Supp. 86 (N.D.Tex.1987); *Prescott v. Palos Verdes Peninsula Unified School Dist.*, 659 F.Supp 921 (C.D.Cal.1987); *Burpee v. Manchester School Dist.*, 661 F.Supp. 731 (D.N.H.1987); *But contra Rollinson v. Biggs*, 660 F.Supp. 875 (D.Del.1987).

The EHA was amended in 1986 with the enactment of the Handicapped Children's Protection Act of 1986 ("HCPA"), which authorized the award of attorney's fees. The plain language of HPCA indicates that it applies to administrative proceedings. Specifically Sec. 1415(e)(4)(B) reads:

> "In any *action or proceeding* brought under this subsection, the court, in its discretion, may award reasonable attorney's fees ..." (emphasis added).

The term "proceedings" can with logic be read to include both judicial and administrative proceedings. Furthermore, an interpretation of "proceeding" to include administrative proceedings is supported by other language in provisions of the HCPA. Sec. 1415(e)(4)(D) provides in relevant part:

> No award of attorney's fees and related costs may be made in any *action or proceeding* under this subsection for services performed subsequent to the time of a written offer of settlement to a parent or guardian, if—(i) the offer is made within the time prescribed by Rule 68 [Fed.R.Civ.P.], or *in the case of an administrative proceeding*, at any time more than ten days before the proceeding begins; ... (iii) the court or *administrative officer* finds that the relief finally obtained by the parents or guardian is not more favorable to the parents or guardian than the offer of settlement. (emphasis added).

This provision specifically links "proceeding" with "administrative," and gives some insight into what is meant by use of the word "proceeding" in Sec. 1415(e)(4)(B). Furthermore, the references to administrative proceedings and officers in Sec. 1415(e)(4)(D) would be meaningless if civil actions in court were the only subject of the amendment.

The legislative history also provides strong support for the conclusion that attorney's fees incurred at the administrative level are recoverable in a separate action in federal court. For example, in House debate, Representative Williams, the floor manager of the house bill, explained the purpose of HCPA to provide that "a parent or guardian of a handicapped child who prevails against a school district or state education agency in a Federal or State court, or *an administrative proceeding such as a due process hearing or a State appeal*, may be awarded reasonable attorneys' fees, costs, and expenses by the court." (emphasis added) 131 Cong.Rec. H9,966 (daily ed. November 12, 1985). In final debate on the bill, Representative Bartlett noted: "For the first time, we have authorized the awarding of fees at the due process hearing system level in disputes which do not go on to court on a substantive issue." 132 Cong.Rec. H4842 (daily ed. July 24, 1986). Furthermore, the Senate report on the Senate version of the bill states: "The committee intends that S. 415 will allow the Court, ... to award fees for time spent by counsel in mandatory EHA administrative proceedings." S.Rep. No. 112, 99th Cong., 1st Sess. 14 (1985), U.S.Code Cong. & Admin.News 1986, pp. 1798, 1804.

In support of his motion to dismiss, defendant points to sections of the legislative history of HCPA which indicate that Congress intended that the amendment should be interpreted consistently with other fee-shifting civil rights statutes, such as 42 U.S.C. Sec. 1988. *See* S.Rep. 112, 99th Cong., 2d Sess. 13, 14, U.S.Code Cong. & Admin.News at pp. 1803, 1804; 132 Cong. Rec. H4,481–82. Defendant argues that to be consistent with rights under Sec. 1988, the EHA must be read to prohibit an independent actions seeking the award of attorney's fees since in *North Carolina Department of Transportation v. Crest Street Community Council, Inc.*, 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), the Supreme Court held that under 42 U.S.C. Sec.

1988 a court may not award attorney's fees in an independent action for fees which does not, in itself, seek to enforce the substantive provisions of the civil rights laws.

The Court concludes, however, that this argument is without merit. The holding in *Crest Street* is based upon the plain language of Sec. 1988, and its unique legislative history. As was discussed earlier, the plain language and legislative history of HCPA support a conclusion that HCPA authorizes an independent action.

Furthermore, references in the legislative history of the HCPA to Sec. 1988 are based upon Congress' understanding of a plaintiff's rights under Sec. 1988. The Senate report and debates cited with approval *dicta* in *New York Gaslight Co., Inc. v. Carey*, 447 U.S. 54, 65–66, 100 S.Ct. 2024, 2031–32, 64 L.Ed.2d 723 (1980), in which the Supreme Court found it anomalous that a court would not award attorneys fees if the case was resolved at the administrative level, but would award fees if it progressed the next stage to federal court. In *Crest Street* the Supreme Court rejected this *dicta* and found that Congress could reasonably draft an attorney's fee statute limited to federal civil actions. 107 S.Ct at 341. This subsequent disavowal by the Supreme Court, however, does not effect Congress' understanding of Sec. 1988 at the time of passage of HCPA. There is no indication that Congress would have wanted HCPA to mirror Sec. 1988 if it knew that independent fee actions would be barred. The legislative history leads to the opposite conclusion.

Defendant also claims that the plaintiffs can not maintain an action against the Commissioner for attorney's fees for work done at the administrative proceedings since he was not a party to these proceedings. He argues that the only parties involved in the impartial hearing were the plaintiffs and the Board, and if fees are to be awarded it should be against the Board.

■ Defendant cites in support of his position Judge Carter's decision in *Burr v. Ambach*. In *Burr*, plaintiff had sought placement at the state-supported New York Institute for the Education of the Blind ("Institute"). The Commissioner referred him to the Institute, but the Institute refused his application. Plaintiff challenged the recommendation of the Institute before a hearing officer, who directed his admission to the program and one year free compensatory education. The Institute appealed this decision to the Commissioner, who reversed as to the award of compensatory education. The plaintiff then sought from the Commissioner attorney's fees incurred in administrative proceedings on the ground that the Commissioner had conducted an unlawful administrative review. At 49. The court refused to award fees against the Commissioner. *Id.*

While it is the general rule that the place to look for recovery of fees is the losing party—the party legally responsible for relief on the merits, *Kentucky v. Graham*, 473 U.S. 159, 164, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985), the circumstances of this allow an award of fees against the Commissioner. Under the procedures adopted by the State of New York to implement EHA, the Commissioner has two distinct roles. He is responsible both for making decisions as to the placement of handicapped children, such as approving contracts with private, out-of-state schools, and for providing impartial, intermediate level review of decisions pursuant to 20 U.S.C. Sec. 1415(c). The holding in *Burr* is based upon the sound proposition that the Commissioner in performing his quasi-judicial function as an administrative review officer can not be held liable for fees. In the case at bar, however, plaintiffs are suing the Commissioner for fees based upon his representatives' refusal to approve the contract with Devereux because Summit provided appropriate placement. The decision of the Commissioner is the one that was reviewed by the hearing officer. While the Board was designated as the adverse party, it opposed the position of the Commissioner and supported the plaintiffs. The Commissioner refused to participate. However, it was the actions of the Commissioner, through his representatives, that led to the incurring of attorney's fees and costs, and the local Board was an innocent participant.

In this case, the hearing officer invited the Commissioner, through his representatives, to attend the hearing and explain his views as to why placement at Summit was appropriate for Mark D. Having declined to attend, the Commissioner should not thus be able to immunize himself from liability for attorney's fees, and visit those fees on the District.

Under these circumstances, it would appear to be appropriate to award the fees against the Commissioner.

Finally, defendant argues that the plaintiffs were not prevailing parties within the meaning of the statute since the decision of the hearing officer was void under our court of appeals decision in *Antkowiak v. Ambach*, 838 F.2d 635 (2nd Cir.1988). The court in *Antkowiak* held that a hearing officer's determination was void under the EHA since it ordered the Board to place a handicapped child in a school that had not been approved by the Commissioner. The court noted that neither the State nor Board could place a child in an unapproved school "without violating the EHA's requirement that handicapped children be educated at public expense only in those private schools that meet [s]tate educational standards." At 640. The court concluded that "[t]he hearing officer had no jurisdiction to compel either the school or the state to violate federal law, and thus her decision was void ..." *Id.* at 640.

 By contrast, the decision of the hearing officer in this case did not require state officials to violate federal or state law, and thus is not void. The hearing officer merely reviewed the factual determination by the Commissioner's representative that in-state placement met the requirements of Mark D, and found, based upon the evidence presented at the hearing, that Mark D.'s needs would not be met at Summit. The officer directed the Board to find him appropriate placement. He did not order anybody to place Mark D. at Devereux, though he noted that was his recommendation. Complaint, Ex. A.

Based upon the foregoing, the Court notes that it has the power to award summary judgment in favor of the non-moving party, *Morrissey v. Curran*, 423 F.2d 393, 399 (2d Cir.), *cert. denied*, 400 U.S. 826, 91 S.Ct. 52, 27 L.Ed.2d 56 (1970), and concludes that it is appropriate to award summary judgment to the plaintiffs since no genuine issue of material fact remains to be tried and they are entitled to judgment as a matter of law. Plaintiffs were the prevailing party in the administrative proceeding, and during oral argument on the motion the defendant admitted that there was no dispute between the parties as to the amount of attorney's fees and costs incurred at the administrative level, which amounted to $2,774.29. The Court also awards the plaintiffs reasonable attorney's fees and costs which were incurred in this action to recover fees and costs. *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd on other grounds*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

The parties shall submit within twenty (20) days their agreement as to the amount for fees and costs, or if the parties cannot agree, a request for a hearing on the issue shall be submitted together with a detailed statement of time charges. Judgment will be entered thereafter.

SO ORDERED.