Scott **ZIPPERER**, etc., et al., Plaintiffs,

v.

The **SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA**, Defendant.

No. 94–842–CIV–ORL–18.

United States District Court, M.D. Florida, Orlando Division.

June 27, 1995.

parties), *cert. denied*, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970).

Scott Mason Baughan, Johnson & Bussey, P.A., Rockledge, FL, for plaintiffs.

Ned N. Julian, Jr., Seminole County Public Schools, District Administrative Office, Sanford, FL, for defendant.

## ORDER

G. KENDALL SHARP, District Judge.

This case is before the court on Defendant's motion for summary judgment (Doc. 9). Plaintiff has brought an action for attorneys' fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(e) (1994). Plaintiff obtained a favorable ruling from Florida's Division of Administrative Hearings in 1990, and filed this action for attorneys' fees on August 4, 1994. Defendant filed its motion for summary judgment, contending that Plaintiff failed to file its action for attorneys' fees within the proper statute of limitations. No statute of limitations was provided in the federal statute for actions for attorneys' fees, requiring the court to look to state law for the most appropriate limitations period. The court concludes that actions for attorneys' fees are more analogous to appeals from administrative hearings than to stand-alone statutory rights of action, and therefore that Plaintiff failed to file its action within the requisite period of time.

### I.  Facts

The relevant facts are undisputed for purposes of this motion. Plaintiff Scott Zipperer (Zipperer) is an exceptional student under the definition of the IDEA, and lives with his

mother in Seminole County, Florida. Zipperer and his mother alleged that the School Board of Seminole County (School Board) had failed to provide Zipperer with a free appropriate public education required by the IDEA. The Zipperers brought a due process action against the School Board, filed with the Florida Department of Administrative Hearings. After reviewing the facts of the case, Hearing Officer Robert E. Meale (Officer Meale) issued a written order on October 5, 1990, ordering the School Board to amend Zipperer's Individual Educational Plan to include a special class to improve Zipperer's language skills. Zipperer requested attorneys' fees, but Officer Meale noted that the federal courts had exclusive jurisdiction over such awards under 20 U.S.C. § 1415(e)(4). Zipperer then brought this action to recover attorneys' fees on August 4, 1994, nearly three years and ten months after Officer Meale issued his order.

## II. Legal Discussion

The sole issue before the court is the appropriate statute of limitations to apply to Zipperer's action for attorneys' fees. The IDEA does not provide a time limitation for filing actions for either substantive violations of the IDEA or for attorneys' fees. "[W]hen Congress has failed to provide a statute of limitations for a federal cause of action, a court 'borrows' or 'absorbs' the local time limitation most analogous to the case at hand." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355, 111 S.Ct. 2773, 2777, 115 L.Ed.2d 321 (1991); *see also JSK ex rel. JK and PGK v. Hendry County Sch. Bd.*, 941 F.2d 1563, 1570 n. 1 (11th Cir.1991). Zipperer maintains that the most analogous statute of limitation under state law is that for "actions founded on a statutory liability," which must be commenced within four years. Fla.Stat. ch. 95.11(3)(f) (1993). The School Board, however, contends that the thirty-day limitations period specified for appeals from administrative hearings is more appropriate for an action for attorneys' fees. *See* Fla.Stat. ch. 120.68(2) (1993) *and* Fla.R.App.P. 9.110(b).

### A. *Summary Judgment Standards*

Summary judgment is authorized if "the pleadings, depositions, answers to interroga-

tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy this burden. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53; Fed.R.Civ.P. 56(c).

"[A]ll that is required [to proceed to trial] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Summary judgment is mandated, however, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

## B. Description of the IDEA

All claimants under the IDEA are required to air their grievances in some form of an administrative setting before they are permitted to file a civil action in either state or federal court. *See* 20 U.S.C. §§ 1415(b)(2), (c). Parties who do not agree with the final judgment of the administrative hearing officer have a right to bring a civil action in any state court of competent jurisdiction or in a federal district court. 20 U.S.C. § 1415(e)(2). In such an action, "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* As part of this scheme, the IDEA provides that "[i]n any action or proceeding under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to ... the prevailing party." 20 U.S.C. § 1415(e)(4)(B).

## C. Statute of Limitations for Actions to Recover Attorneys' Fees

■ The Eleventh Circuit has held that a court may award attorneys' fees to a prevailing party even if the dispute was resolved administratively, without filing a suit in court under section 1415(e)(2). *Mitten v. Muscogee County Sch. Dist.,* 877 F.2d 932 (11th Cir.1989), *cert. denied,* 493 U.S. 1072, 110 S.Ct. 1117, 107 L.Ed.2d 1024 (1990). However, administrative hearing officers cannot award attorneys' fees under the IDEA. 20 U.S.C. § 1415(e)(4)(A). When the parties resolve their dispute through administrative procedures, therefore, the prevailing party may bring an action in federal court solely to recover attorneys' fees. The Eleventh Circuit has not held whether a court action solely to recover attorneys' fees should be considered a suit pursuant to section 1415(e)(2), or a special action brought under section 1415(e)(4)(B). Many courts that have evaluated the issue, however, have considered actions solely for attorneys' fees as dis-

tinct from suits filed to reevaluate the substance of an administrative decision. *See, e.g., Dell v. Board of Educ., Township High Sch. Dist. 113,* 32 F.3d 1053 (7th Cir.1994); *Moore v. District of Columbia,* 907 F.2d 165 (D.C.Cir.), *cert. denied,* 498 U.S. 998, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990); *Bow Sch. Dist. v. Quentin W.,* 750 F.Supp. 546 (D.N.H. 1990); *Robert D. v. Sobel,* 688 F.Supp. 861 (S.D.N.Y.1988). For the purposes of this motion, therefore, the court will assume that actions for attorneys' fees should be evaluated separately from suits brought to contest the substance of an administrative decision. The court will consider which statute of limitations should apply to actions for attorneys' fees, although the factors that are relevant to such lawsuits may also apply to substantive actions.

■ In *JSK ex rel. JK and PGK v. Hendry County Sch. Bd.,* 941 F.2d 1563 (11th Cir.1991), the Eleventh Circuit suggested that it would support the 30–day time limitation of Florida's Appellate Procedure Act for substantive appeals under the IDEA. The Eleventh Circuit panel announced that it was influenced by the fact that the strict time limitation contained in the administrative appellate rule "assure[s] prompt resolution over [individualized education plans] for handicapped children." *Id.* at 1570 n. 1 (quoting *Department of Educ., State of Hawaii v. Carl D.,* 695 F.2d 1154, 1157 (9th Cir.1983)). The panel expressly did not hold that courts should apply this time limitation for substantive appeals, and did not consider actions for attorneys' fees. However, the Eleventh Circuit has recognized a need to resolve issues related to the IDEA promptly.

■ Zipperer has asserted that the court should apply Florida's statute of limitations for actions "founded on a statutory liability." The limitations period for filing such actions is four years. The analogy between the IDEA's attorneys' fee provisions and standalone statutory liabilities is not accurate, however. Congress amended the IDEA to provide for fees for prevailing parties as part of its scheme to improve the educational opportunities offered to disabled children. Any action for attorneys' fees under the IDEA is inextricably connected to the admin-

istrative proceedings that determine the substance of the child's rights, and suits to recover fees supplement the substantive administrative actions. The statutory liabilities referred to in Florida's statute, conversely, stand alone without reference to other proceedings.

The fact that suits for attorneys' fees refer back to administrative hearings is relevant, because in awarding fees the court must review proceedings "in a state administrative environment with which it may not be very familiar. A return to this quagmire months after adjudication of the merits would result in a needless expenditure of judicial energy." *Dell, supra,* 32 F.3d at 1063. In fact, this case illustrates how the Florida statutory liability time limitation could be used to recover attorneys' fees that were earned more than four years ago. It makes far more sense to resolve the assignment of fees quickly, since they are ascertainable soon after the administrative proceedings have ended. As the Seventh Circuit reasoned when considering this issue,

> Although the promptness of the decision may not be as important here as in other IDEA situations, both the school district and the parents still have an interest—along with the attorney—in the expeditious resolution of this matter. Moreover, by the end of the administrative proceedings and any subsequent judicial review, the parties ought to have a good idea of the extent and quality of the representation, and long-term deferral of the issue simply serves no salutary purpose.

*Dell,* 32 F.3d at 1063–64. The rationale for a short statute of limitations is especially valid since the IDEA's goal is to resolve these matters as quickly as possible. The court should "apply a statute of limitations which finds some relevance to the administration of the IDEA itself." *Dell,* 32 F.3d at 1064 (quoting *Reed v. Mokena Sch. Dist. No. 159,* No. 94 C 476, 1994 WL 163989, at \*3 (N.D.Ill. April 29, 1994)).

It is possible that applying a short limitations period may create special difficulties for some litigants. Whatever hardships a party may endure by the implementation of a short time period can be resolved in individual cases through equitable tolling. Permitting some parties to file their actions for fees later than the 30–day period provides a more fair solution that subjecting losing parties to lawsuits to recover fees up to four years after administrative courts have awarded substantive relief.

### III. Conclusion

The court concludes that it should implement a 30–day statute of limitations for actions to recover attorneys' fees under the IDEA, 20 U.S.C. § 1415(e)(4)(B) (1994). The 30–day period from Florida's Appellate Procedure Act, Fla.Stat. ch. 120.68(2) (1993) and Fla.R.App.P. 9.110(b), is the most analogous state law provision to the IDEA and most equitably addresses the interests of all of the parties. This action was filed beyond the period designated for these actions, and the court finds no reason to equitably toll the statute of limitations. Accordingly, the court **GRANTS** Defendant's motion for summary judgment (Doc. 9), and instructs the clerk of the court to enter judgment accordingly.

It is **SO ORDERED**.