# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-2722/3287

_____

| | |
|---|---|
| John and Leigh T., individually and as Guardians and Next Friends of Robert T., | * * * * |
| Appellees, | * |
| v. | * Appeal from the United States<br>* District Court for the<br>* Northern District of Iowa. |
| Iowa Department of Education, | * * |
| Appellant. | * |

_____

Submitted: April 13, 2001
Filed: July 31, 2001

_____

Before WOLLMAN, Chief Judge, MAGILL, and MURPHY, Circuit Judges.

_____

MAGILL, Circuit Judge.

Plaintiffs John and Leigh T. are the parents of Robert, a child with cerebral palsy. Robert's parents sued the Marion Independent School District and the Grant Wood Area Education Association (together, the "Local Defendants"), as well as the Iowa Department of Education (the "Department"), alleging violations of Iowa law and the Individuals with Disabilities Education Act ("IDEA"). In a prior appeal, this Court held that the defendants violated IDEA, and remanded to the district court to implement a remedy and consider an award of attorneys' fees. John T. v. Marion Indep. Sch.

<u>Dist.</u>, 173 F.3d 684, 691 (8th Cir. 1999) ("<u>John T. I</u>").  On remand, the district court held that Robert's parents were "prevailing parties" against the Department, and ordered the Department to pay a portion of the plaintiffs' attorneys' fees.  The Department appeals, and we affirm the district court's holding that the plaintiffs were "prevailing parties" against the Department, but reverse the fee award and remand to the district court to subtract from the award all fees incurred during the administrative proceedings.

**I.**

Robert T. is a student at St. Joseph Catholic School ("St. Joseph").  The parties agree that Robert's cerebral palsy renders him disabled within the meaning of IDEA. Robert's parents asked the Local Defendants to provide a full-time instructional assistant to work with Robert at St. Joseph.  After the Local Defendants denied their request, Robert's parents appealed the decision to an administrative law judge ("ALJ"), arguing that the Local Defendants' refusal to provide Robert with an assistant violated Iowa law and IDEA.  Robert's parents did not name the Department as a defendant in the administrative appeal, and the Department did not participate in those proceedings. The ALJ decided that neither Iowa law nor IDEA compelled the Local Defendants to provide Robert with a classroom assistant.

Robert's parents appealed the ALJ's decision to federal district court, where their complaint named the Local Defendants and the Department as defendants, identifying the Department as "the 'state educational agency' with authority over Robert's education within the meaning of § 1401(7) of the IDEA."  The complaint alleged that the Local Defendants were responsible for denying Robert an assistant, but did not claim that the Department affected the Local Defendants' decision.  The Department filed a brief in the district court urging affirmance of the ALJ's decision; the Local Defendants jointly filed a separate brief.  The district court reversed the ALJ's decision, holding that Iowa law required the Local Defendants to provide an assistant for Robert.  The district court did not resolve the IDEA claim.

In wake of the district court's decision, Robert's parents requested attorneys' fees. The Local Defendants filed a joint response opposing the request, which the Department joined in part. The Department filed a separate response to counter the Local Defendants' argument that if the district court awarded fees, then the court should hold the Department wholly liable because the Local Defendants merely "followed state procedures and interpreted the applicable state law statute consistent with the guidelines established by the [Department.]" The district court granted Robert's parents' request, holding that their success on the state claim rendered them "prevailing parties" under IDEA. The district court also held that the Department's advocacy in support of the ALJ's decision justified imposing part of the fee award against the Department.

The Local Defendants appealed both the district court's decision on the merits and the court's decision to award fees. The Department joined the Local Defendants' appeal of the fee award, but did not challenge the district court's reversal of the ALJ's decision. Collectively defining the Local Defendants and the Department as the "School District," this court held that "the School District's actions before 1997 violated the IDEA but . . . its actions after that time did not violate the IDEA." John T. I, 173 F.3d at 686, 690.[1] On the attorneys' fees issue, we stated:

> We leave to the 'broad discretion of the district court' the question of the
> remedy to which Robert's parents are entitled as a result of the School
> District's violations of the pre-1997 IDEA. After making this
> determination, the district court should reconsider whether and to what
> extent Robert's parents are entitled to an award of attorneys' fees under
> the IDEA. . . . At that time, the district court may consider the arguments

---

[1]In 1997, Congress amended IDEA, limiting the rights of disabled children enrolled in private schools. The Individuals with Disabilities Education Act Amendments of 1997, Pub. L. No. 105-17, 111 Stat. 37 (1997); 20 U.S.C. § 1412(a)(10) (2000).

between [the Local Defendants] on the one hand and [the Department] on the other regarding the proper apportionment of attorneys' fees among the three parties.

Id. at 691 & n.4 (citation omitted).

After this court's decision in John T. I, Robert's parents resolved their attorneys' fees claims against the Local Defendants, but not against the Department. On remand, the district court held the Department liable for part of the plaintiffs' attorneys' fees. The district court noted that our decision in John T. I collectively referred to the Local Defendants and the Department as the "School District," and held that the School District violated IDEA. Therefore, the district court held that the plaintiffs were "prevailing parties" against the Department. The court then stated that since the Department

was one of three defendants, and [was] a zealous advocate in support of affirmation of the administrative decision, it is the court's view that the appropriate share to be borne by the [Department] is 1/3 of all reasonable fees and costs through January 13, 2000. Additionally, [the Department] shall bear all reasonable costs and fees incurred thereafter (following settlement by the other two defendants).

The district court subsequently ordered the Department to pay the plaintiffs $65,431.14. The Department appeals.

## II.

### A. "Prevailing Party" Status

The Department first argues that the district court erred in holding that Robert's parents were "prevailing parties" against the Department. IDEA provides: "In any

action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."  20 U.S.C. § 1415(i)(3)(B) (2000).  We review de novo whether the district court applied the correct legal standard in determining if the plaintiffs were "prevailing parties," and review the award of fees for abuse of discretion.  Warner v. Independent Sch. Dist. No. 625, 134 F.3d 1333, 1336 (8th Cir. 1998).

The Supreme Court has explained that to qualify as a "prevailing party," a plaintiff must obtain "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992); see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 121 S. Ct. 1835, 1840 (2001).  The State of Iowa waived its Eleventh Amendment immunity by receiving funds appropriated under IDEA.  See Bradley v. Arkansas Dep't of Educ., 189 F.3d 745, 753 (8th Cir. 1999), rev'd on other grounds sub nom. Jim C. v. United States, 235 F.3d 1079 (8th Cir. 2000) (en banc).

We conclude that the district court correctly held that Robert's parents were "prevailing parties" against the Department.  IDEA places primary responsibility on state education agencies ("State Agencies"), such as the Department, to ensure the proper education of disabled children.  Section 1412 of IDEA makes State Agencies "responsible for ensuring that the requirements of this subchapter are met."  20 U.S.C. § 1412(a)(11)(A)(i) (2000).  Moreover, IDEA's legislative history indicates that Congress wanted to "assure a single line of responsibility with regard to the education of handicapped children."  S. Rep. No. 94-168, at 24 (1975).  The Senate Report explained:

> The Committee considers the establishment of single agency responsibility for assuring the right to education of all handicapped

children of paramount importance. Without this requirement, there is an abdication of responsibility for the education of handicapped children. . . . While the Committee understands that different agencies may, in fact, deliver services, the responsibility must remain in a central agency overseeing the education of handicapped children, so that failure to deliver services or the violation of the rights of handicapped children is squarely the responsibility of one agency.

Id.; see also 34 C.F.R. § 300.401(2000).

Indeed, several circuits have held State Agencies liable when they have failed to ensure Local Agencies' implementation of IDEA's requirements. See, e.g., Gadsby v. Grasmick, 109 F.3d 940 (4th Cir. 1997). In Gadsby, Eric Gadsby's parents requested the Baltimore Public Schools (the "Baltimore Schools"), the applicable Local Agency, to evaluate Eric for special education services. Id. at 945. Eric's parents initially challenged the program that the Baltimore Schools developed, but the parties settled their dispute when the Baltimore Schools agreed to pay part of Eric's tuition at a private school and to apply to the Maryland Department of Education (the "Maryland Department") for the remainder of the tuition. Id. However, when the Maryland Department rejected the Gadsbys' request that it pay the remainder of Eric's tuition, the Gadsbys filed suit against the Baltimore Schools and the Maryland Department. Id. at 946.

Thus, the question presented to the Fourth Circuit was whether the Gadsbys could assert a claim against the Maryland Department for reimbursement of Eric's tuition based on the Baltimore Schools' failure to develop a proper program for Eric. Id. at 951. Although acknowledging that IDEA does not explicitly state which governmental entity courts should hold liable for particular violations, Gadsby

interpreted § 1412(a)(11)(A)(i)[2] to permit holding a State Agency responsible for failing "to comply with its duty to assure that IDEA's substantive requirements are implemented." Id. at 952. Therefore, the court concluded that State Agencies are "ultimately responsible for the provision of a free appropriate public education to all of its students and may be held liable for the state's failure to assure compliance with IDEA." Id. at 953; see also St. Tammany Parish Sch. Bd. v. State of Louisiana, 142 F.3d 776, 783-85 (5th Cir. 1998) (following Gadsby in holding that the district court did not abuse its discretion in holding the State Agency liable for the costs of the plaintiff's education); Kruelle v. New Castle County Sch. Dist., 642 F.2d 687, 696-97 (3d Cir. 1981) (affirming the district court's decision holding the State Agency responsible for providing the student with a proper educational program).

However, we do not think that § 1412(a)(11)(A)(i), by itself, permits a court to award attorneys' fees against a State Agency that has not participated in the underlying lawsuit. We thus agree with the Tenth Circuit's opinion in Beard v. Taska, 31 F.3d 942 (10th Cir. 1994), where the court examined the attorneys' fees request of a class of handicapped children who had successfully sued various Local and State Agencies under IDEA. Id. at 945. The court rejected the contention that § 1412(a)(11)(A)(i) alone renders State Agencies liable for attorneys' fees "on a respondeat superior theory." Id. at 954. Section 1412(a)(11)(A)(i), the court explained, "does not turn every 'local educational agency' under the statute . . . into the agent of the 'State educational agency' as a matter of federal law, so that the latter automatically becomes legally liable for all transgressions of the former." Id.; see also Whitehead v. School Bd. for Hillsborough County, 932 F. Supp. 1393, 1395-96 (M.D. Fla. 1996) ("Though

---

[2]Gadsby actually interpreted 20 U.S.C. § 1412(6). The 1997 IDEA amendments recodified § 1412(6) at 20 U.S.C. § 1412(a)(11)(A)(i). For the sake of clarity, we refer to § 1412(a)(11)(A)(i) even when discussing the pre-1997 statute. Similarly, we note that the 1997 amendments recodified the attorneys' fees provision, previously found at 20 U.S.C. § 1415(e)(4)(B), at 20 U.S.C. § 1415(i)(3)(B).

the IDEA holds the state [department of education] responsible for assuring disabled children are provided a free appropriate public education, this alone does not render that agency liable for § [1415(i)(3)(B)] fees under a respondeat superior theory.").

We conclude that, in conjunction with IDEA's placement of supervisory responsibility on State Agencies, the Department's zealous opposition to the plaintiffs' position in this case permitted the district court's award of attorneys' fees against the Department. Robert's parents named the Department as a defendant in the district court. Instead of requesting the district court to dismiss it as not a real party in interest, the Department took a position adverse to the plaintiffs' claims by filing a brief with the court that urged affirmance of the ALJ's decision. This Court agreed with Robert's parents' argument that the defendants, including the Department, violated the pre-1997 IDEA. John T. I, 173 F.3d at 690. These facts persuade us that the district court correctly held that Robert's parents were "prevailing parties" against the Department.

Moreover, our opinion in John T. I affirmed the district court's decision interpreting Iowa law to require the defendants to reimburse Robert's parents for costs incurred in hiring an assistant to work with Robert at St. Joseph. Id. Although we remanded to the district court for the court to implement a remedy for the IDEA violation, since the district court already had reimbursed Robert's parents for their costs under Iowa law, the court apparently did not use the defendants' IDEA violation to provide a further remedy. Instead, the court only used the IDEA violation to award Robert's parents with attorneys' fees. But it was mere fortuity that the district court used Iowa law, and not IDEA, to reimburse Robert's parents for the costs they incurred; had the court not already reimbursed Robert's parents under Iowa law, it almost surely would have done so under IDEA. Since the awarding of costs against the Department "materially alter[ed] the legal relationship between the parties by modifying" the Department's behavior, we hold that the district court correctly determined that Robert's parents were "prevailing parties" against the Department. Farrar, 506 U.S. at 111-12.

Thus, we reject the Department's apparent belief that it may vigorously oppose a plaintiff's IDEA claim, thereby making it more difficult for the plaintiff to get relief, without facing any potentially adverse consequence. Under the Department's position, even if the court decides for the IDEA plaintiff, the court would have no power to award fees against it. Although we can see the appeal this stance holds for the Department, we think that IDEA's placement of primary responsibility on State Agencies to ensure the proper education of disabled children warrants some accountability where, as here, the plaintiff names the State Agency as a defendant and the State Agency argues in support of what a court holds to be a Local Agency's IDEA violation.

**B. The Proper Allocation of Fees**

Alternatively, the Department argues that we should subtract from the award all attorneys' fees stemming from the administrative proceedings, in which it did not participate, and part of the fees deriving from the initial Eighth Circuit appeal, where it did not challenge the plaintiffs' entitlement to relief on the merits of their claim.

We hold that the district court abused its discretion in awarding fees against the Defendant which were incurred during the administrative proceedings. Courts may award attorneys' fees under IDEA for legal work performed in connection with administrative proceedings. Johnson v. Bismarck Pub. Sch. Dist., 949 F.2d 1000, 1003 (8th Cir. 1991). In a similar case, a Florida district court examined an attorneys' fees request under IDEA. Whitehead, 932 F. Supp. 1393. The plaintiffs sued the Local Agency under IDEA and prevailed in the administrative proceedings. Id. at 1395. The plaintiffs then sought to enforce the administrative ruling in federal district court and added the State Agency as a defendant, asking that the State Agency contribute to an award of attorneys' fees. Id. The district court rejected the plaintiffs' request, stating that "[a]lthough Plaintiffs prevailed in their dispute before the Administrative Hearing Officer, the style of that case clearly identified [the Local Agency] as the sole

Defendant. . . . [The State Agency] was not a party to the dispute, and for this reason Plaintiffs are not entitled to attorney's fees as prevailing party over a non-defendant." Id.; see also Reid v. Board of Educ., Lincolnshire-Prairie View Sch. Dist. 103, 765 F. Supp. 965, 969 (N.D. Ill. 1991) (holding that the State Agency, which was not a party to the administrative proceedings, was not liable for the attorneys' fees incurred during those proceedings).

Robert's parents, however, contend that we should hold the Department liable for fees incurred at the administrative level under a respondeat superior theory. Although we acknowledge IDEA's placement of responsibility on State Agencies to ensure the proper education of disabled children, as we explain above, we do not think that this supervisory responsibility alone permits a fee award when the State Agency does not participate in the proceedings. Robert's parents also argue that we should hold the Department liable for fees incurred during the administrative proceedings because the Department "has attempted to reap the benefits of the [administrative] ruling in its briefs and filings." K.Y. v. Maine Township High Sch. Dist. No. 207, No. 96-C-7872, 1998 WL 157414, at *11 (N.D. Ill. Mar. 31, 1998). We disagree. In short, the Department's actions in the district court had no impact on the fees Robert's parents incurred in the administrative proceedings.

Moreover, both K.Y. and Robert D. v. Sobel, 688 F. Supp. 861 (S.D.N.Y. 1988), upon which the plaintiffs also rely, are distinguishable from this case. In K.Y., the Local Agency moved to join the State Agency in the administrative hearing. 1998 WL 157414, at *3. Here, neither the plaintiffs nor the Local Defendants sought to join the Department in the administrative proceedings. In Robert D., the State Agency refused to provide the relief requested by the plaintiffs, but did not participate in the administrative proceedings. Id. at 863. The district court noted that the administrative hearings were held to review the State Agency's refusal to provide the plaintiffs with the requested relief and held: "Having declined to attend, the [State Agency] should not thus be able to immunize [it]self from liability for attorney's fees." Id. at 866-67. In

-10-

this case, by contrast, the Local Defendants were the party that refused to provide the relief requested by the plaintiffs. Thus, the administrative proceedings here only examined whether the Local Defendants erred in refusing to provide the plaintiffs with the requested relief. Therefore, we reverse the district court's grant of attorneys' fees to the plaintiffs for work performed during the administrative proceedings.

Finally, we reject the Department's invitation to absolve it from paying fees incurred by the plaintiffs in defending the merits of the district court's decision in the first appeal. Although the Department restricted its arguments in the first appeal to the attorneys' fees question, the district court acted within its discretion in refusing to fine-tune the apportionment of fees based on the number of arguments made by each party. Perhaps the Department is less responsible than the Local Defendants for the attorneys' fees incurred during the first appeal but, as Judge Easterbrook noted, "allocation of this sort is invariably approximate. This allocation is defensible; no more is required." Tonya K. v. Board of Educ. of City of Chicago, 847 F.2d 1243, 1249 (7th Cir. 1988).

## III.

We AFFIRM the district court's holding that the plaintiffs were "prevailing parties" against the Department. However, we REVERSE the district court's attorneys' fees award and REMAND for the court to subtract the fees awarded for the plaintiffs' costs in the administrative proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.