MS. C. and Mr. H. on their behalf and on the behalf of J.H.

v.

**PLAINFIELD BOARD OF EDUCATION and Mary Conway**

No. 303CV1696.

United States District Court, D. Connecticut.

Aug. 16, 2005.

Anne Louise Blanchard, Connecticut Legal Services, Willimantic, CT, Jennifer C. Bergsieker, Lohf Shaiman Jacobs hyman & Feiger, PC, Denver, CO, for MS. C. and Mr. H. on their behalf and on the behalf of J.H.

Michael Peter McKeon, Sullivan, Schoen, Campane & Connon, Hartford, CT, for Plainfield Board of Education and Mary Conway.

### Ruling on Plaintiffs' Motion
### for Attorneys' Fees and
### Costs [Doc. # 54]

ARTERTON, District Judge.

Plaintiffs commenced suit seeking recovery of attorneys' fees and costs, on grounds that they were prevailing parties in an administrative hearing brought pursuant to the Individuals with Disabilities Education Act ("IDEA"). On summary judgment, this Court found plaintiffs entitled to attorney's fees in the amount of $25,325.00. Plaintiffs now move to recover $8,145.98 in attorneys' fees and costs expended on the fees petition, comprised of 41 hours of work by Attorney Bergsieker at a $180.00 hourly rate, 3.0 hours of work expended by Attorney Blanchard at a $250.00 hourly rate, and $15.98 in costs. For the reasons discussed below, plaintiffs' motion is granted.

The IDEA permits a prevailing party to recover reasonable attorneys' fees "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C). "To calculate such attorneys' fees, courts apply the 'lodestar' method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate." *A.R. ex rel. R.V. v. New York City Dept. of Educ.*, 407 F.3d 65, 79 (2d Cir.2005) (citations and internal quotation marks omitted). "[T]here is … a strong presumption that the lodestar figure represents a reasonable fee." *Id.* (citations and internal quotation marks omitted). "[T]ime reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979).

Defendants request a reduction in the requested fees, arguing first that plaintiffs unnecessarily initiated and prolonged the litigation. According to defendants, prior to plaintiffs' commencement of suit, they made efforts to settle the matter, requesting an itemized invoice supporting the attorneys' fees demand, and that they did not see the attorneys' timesheets until plaintiffs filed suit. Plaintiffs explain, however, that they commenced suit on October 3, 2003, three days after receiving defendants' negative response to their attorneys' fees request, in order to meet the potential four-month statute of limitations on such suits.[1] They also ar-

---

1. Plaintiffs appear to base their four month statute of limitations assumption on *Adler v.* *Education Department of the State of New*

gue that they waited to serve the summons on defendants until October 24, 2003 to give defendant an opportunity to settle prior to incurring additional fees, and that defendants failed to respond to the Offer of Judgement plaintiffs filed on May 27, 2004.

As plaintiffs' commencement of this litigation was driven by what was perceived as the applicable statute of limitations, it cannot be deemed to have unreasonably preempted efforts to avoid litigation. Moreover, regardless of any deficiencies in the parties' efforts to settle this matter prior to commencement of the litigation, the time sheets reveal that attorney Bersieker spent only 4.3 out of a total of 41 hours on this case prior to December 2003. The vast majority of the attorneys fees were accumulated in the summary judgment briefing, well after defendants had been served and had received copies of the time records that they had earlier requested. Thus, there was ample time after commencement of the suit and before accumulation of significant attorneys' fees, in which defendants had the necessary documentation with which to endeavor to settle or decide to pursue the litigation. Magistrate Judge Margolis found that the time records were not impermissibly vague. *See* Recommended Ruling [Doc. # 45] at 7 n. 9.

The time records submitted in support of plaintiffs' attorneys' fees motion at this stage likewise are not impermissibly vague. Plaintiffs' eligibility for attorneys' fees, and the calculation of the amount of the fee award, were the only issues in this suit, and in the context of this case, such time entries as "revise complaint," "Prep for 26(f) planning conference," and "Mtn for summary judgment research," reasonably reflect the nature of the work performed in pursuing the relief sought, and permit the Court to assess the reasonableness of the time spent on each of the tasks. The Court concludes that the total 44 hours of attorney time spent in pursuing this case to completion was reasonable.

■ Finally, the Court concludes that Attorney Bergsieker's requested hourly rate is within the prevailing rates in the community. Defendants argue that because Attorney Bergsieker has been practicing in the area of special education only since September 1, 2002, her $180 hourly rate is excessive, particularly when compared to the $250 rate for Attorney Blanchard who has fourteen years of experience in the special education field. Further, defendants argue that the affidavits submitted in support of plaintiffs' attorneys' fee request are self-serving, as the affidavits are from members of the "Special Education Advocacy Network" who have an interest in the court awarding high hourly rates. The standard for determining the reasonableness of hourly rates, however, is based on the relevant market for the services, and in this regard, affidavits from members of the special education bar as to the reasonableness of rates are entirely appropriate, as these are persons with knowledge of the market rates "prevailing in the community for similar services by lawyers of reasonably com-

---

*York*, 760 F.2d 454, 456 (2d Cir.1985), which upheld the district court's conclusion that a four month limitations period was applicable to an IDEA action seeking reimbursement for tuition that the Commissioner had not allowed. Subsequent district court decisions, however, have limited *Alder's* holding to appeals from administrative rulings, and have applied a three year statute of limitations to

attorneys fees petitions. *See, e.g., BD v. DeBuono*, 130 F.Supp.2d 401, 424 (S.D.N.Y. 2000) ("Adler does not apply where plaintiffs are not appealing the findings of an administrative hearing or subsequent reviews of that hearing."); *Robert D. v. Sobel*, 688 F.Supp. 861, 864 (S.D.N.Y.1988) (applying three-year statute of limitations to an action for attorney's fees under IDEA).

parable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The documentation submitted in support of plaintiffs' application satisfies their burden of proving that Attorney Bergsieker's fees were within the prevailing market rate, and that plaintiffs' attorneys' fees request is reasonable.

Accordingly, the Court grants plaintiff's Motion for $8,145.98 in Attorneys' Fees and Costs [Doc. # 54]. The Clerk is directed to close this case.

IT IS SO ORDERED.